1  John J. McLeod, Esq., Cal. Bar No. 174169
   jmcleod@mcleodlawgroup.com
2  Paul C. Hirst, Esq., Cal. Bar No. 234460
   phirst@mcleodlawgroup.com
3  McLEOD LAW GROUP, A.P.C.
   1155 Camino Del Mar, Suite 510
4  Del Mar, California 92014
   Telephone: (619) 236-9938
5  Facsimile: (619) 236-9943

6  Attorneys for Defendant,
   MUHLHAUSER STEEL, INC.

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10 THE TRAVELERS INDEMNITY              Case No. 8:24-cv-01913-FMO-ADS
   COMPANY OF CONNECTICUT, a
11 Connecticut Corporation,

12                                      **MEMORANDUM OF POINTS AND**
                Plaintiff,              **AUTHORITIES IN SUPPORT OF**
13                                      **MOTION TO STAY**
   v.
14
   MULHAUSER STEEL, INC., a
15 California Corporation; ANGELES      Hearing Date: February 27, 2025
   CONTRACTOR, INC., a California       Hearing Time: 10:00 a.m.
16 Corporation, and DOES 1 through 10,  Courtroom 6D
   inclusive,
17
                Defendants.
18                                      Filed concurrently with:
19                                          1. Notice of Motion and Motion;
                                            2. Declaration of Paul C. Hirst;
20                                          3. Request for Judicial Notice; and
                                            4. [Proposed] Order.
21

22

23

24

25

26

27

28

1

# **TABLE OF CONTENTS**

2   I.      INTRODUCTION………………………………………………………1

3   II.     FACTUAL BACKGROUND………….....………………………………..5

4           A.    The Underlying Action……………………………...........5

5           B.    The Policies…………………………………………………..6

6           C.    The Instant Coverage Action………………………………… 6

7   III.    ARGUMENT………………………………………………………………7

8           A.    Federal Law Supports Muhlhauser's Motion to Stay…………………… 7

9                 1. A Stay Is Appropriate Because Prejudice to Muhlhauser

10                   Will Greatly Outweigh Prejudice to Travelers……………………  9

11                   a. Travelers Owe Muhlhauser a Defense in the

12                       Underlying Action…………………………………………… 12

13                2. Muhlhauser Will Suffer Damage if a Stay Is Not Granted………….. 15

14                3. The Course of Justice Supports a Stay……………………………… 16

15          B.    California Law Supports Muhlhauser's Motion to Stay …………….…...17

16                1.     The Coverage Action and the Underlying Action Involve

17                       Common Issues of Fact………………………………………19

18                2.     A Stay Is Necessary to Prevent Substantial

19                       Prejudice to Muhlhauser …………………………………… 19

20  IV.     CONCLUSION …………………………………………………………...22

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO STAY

# TABLE OF AUTHORITIES

**Federal Cases**

*Aspen Am. Ins. Co. v. Ou*, 2019 WL 1950293, at *6
(C.D. Cal. Mar. 14, 2019)………………………………………………………11

*CMAX, Inc. v. Hall*, 300 F.2d 265, 269 (9th Cir. 1962) …………………………... 8, 16

*Erie Railroad Co. v. Tompkins*, 304 U.S 64 (1938)………………………………….7

*Great American Assurance Co. v. M.S. Industrial Sheet Metal. Inc.*,
2011 WL 13228037 at *3 (C.D. Cal. Sept. 22, 2011)……………………………… 7

*Landis v. North American Co.*, 299 U.S. 248 (1936) …………………………1, 2, 7, 8

*Lockyer v. Mirant Corp.*, 298 F.3d 1098 (9th Cir. 2005) …………………………..11

*Levya v. Certified Grocers of Cal. Ltd.*, 593 F. 2d 857, 863 (9th Cir. 1979)…………..8

*Maryland Cas. Co. v. Witherspoon*,
993 F. Supp. 2d 1178, 1183 (C.D. Cal. 2014)………………………………………17

*National Union Fire Ins. Co. of Pittsburgh, PA v. Rudolph and Sletten, Inc.*,
2020 WL 4039370, at *8 (N.D. Cal. July 17, 2020)………………………………… 11

*RLI Ins. Co. v. Ace Amer. Ins.*, 2020 WL 1322955, at *4
(N.D. Cal. Mar. 20, 2020)…………………………………………………………… 11

*Snead v. Metro Prop. & Cas. Insurance Company*,
237 F. 3d 1080, 1090 (9th Cir. 2011)…………………………………………………7

*State Nat'l Ins. Co., Inc. v. US-SINO Inv., Inc.*,
2015 WL 5590842, at *5 (N.D. Cal. Sept. 23, 2015)………………………………..15

*United Specialty Ins. Co. v. Bani Auto Group, Inc.*, 2018 WL 5291992, at *4
(N.D. Cal. Oct. 23, 2018)…………………………………………………………… 7

*Zurich Am. Ins. Co. v. Omnicell, Inc.*, 2019 WL 570760, at *4
(N.D. Cal. Feb. 12, 2019)……………………………………………… 8, 10, 11, 15, 17

/ / /

/ / /

/ / /

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO STAY

## State Cases

*Aerojet-General Corp. v. Transport Indem. Co.,*

    17 Cal. 4th 38, 59 (1997)……………………………………………………...13

*Barnett v. Fireman's Fund. Ins. Co.,*

    90 Cal. App.4th 500, 508-09 (2001)…………………………………………14

*Buss v. Superior Court*, 16 Cal.4th 35 (1997)………………………………..3, 9, 13, 22

*California Ins. Guar. Ass'n v. Superior Court,* 231 Cal.App.3d 1617 (1991)………...19

*David Kleis, Inc. v. Superior Court,* 37 Cal.App.4th 1035 (1995)………………........ 18

*Delgado v. Heritage Life Ins. Co.,*

    157 Cal. App. 3d 262, 271 (Cal. Ct. Ap. 1984)………………………………..13

*Devin v. United States Automobile Association*,

    6 Cal. App. 4th 1149, 1157 (1992)……………………………………………..12

*El-Com Hardware, Inc. v. Fireman's Fund Insurance Company*,

    92 Cal.App.4th 205, 213 (2001)………………………………………………14

*Foster-Gardner, Inc. v. Nat'l Union Fire Ins. Co.*, 18 Cal.4th 857 (1998)……………19

*Gray v. Zurich Ins. Co.*, 65 Cal. 2d 263, 275 (1966)………………………………10, 12

*Great American Ins. Co. v. Superior Court*,

    178 Cal. App. 4th 221, 236-237 (2009)………………………………………..18

*Hartford Cas. Ins. Co. v. Swift Distribution, Inc.*,

    59 Cal.4th 277, 287 (2014)……………………………………………………14

*Haskel, Inc. v. Superior Court,* 33 Cal.App.4th 963 (1995)……….12, 17, 18, 20, 21, 22

*Montrose Chemical Corp. v. Superior Court*,

    6 Cal.4th 287 (1993)…………………………………………8, 12, 13, 14, 15, 17, 18, 19

*Montrose Chemical Corp. v Superior Court*,

    25 Cal.App.4th 902 (1994)……………………………………………..17, 18, 20

*Palp, Inc. v. Williamsburg Nat. Ins. Co.*,

    200 Cal.App.4th 282, 289 (2001)……………………………………………13

*Producers Dairy Delivery Co. v. Sentry Ins. Co.,*

24-cv-00759-JES-BLM
MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO STAY

41 Cal.3d 903, 912 (1986)……………………………………………………12, 14

*Truck Ins. Exch. v. Superior Court*, 51 Cal.App.4th 985 (1996)…………………... 19

*Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1 (1995)………………………………9, 12

*Watts Industries, Inc. v. Zurich American Ins. Co.*,

121 Cal.App.4th 1029, 1039 (2004)……………………………………………12

*White v. Western Title Ins. Co.*, 40 Cal.3d 870 (1995) ………………………………… 18

24-cv-00759-JES-BLM

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO STAY

Defendant Muhlhauser Steel, Inc. ("Muhlhauser") respectfully submits the following memorandum of points and authorities in support of its motion to stay the instant insurance coverage action ("Coverage Action") until resolution of the underlying third-party claims asserted against it in the lawsuit styled *Angeles Contractor, Inc. v. Muhlhauser Steel, Inc., et al.*, pending in Orange County Superior Court, case no. 30-2021-01211990-CU-BC-CJC ("Underlying Action").

## I.  **INTRODUCTION**

Muhlhauser purchased commercial general liability policies from its insurer, The Travelers Indemnity Company of Connecticut ("Travelers"), and Travelers in turn promised to provide Muhlhauser with certain policy benefits in the event it is sued for acts or omissions arising out of the running of its business.  Muhlhauser was sued in the Underlying Action by Angeles Contractor, Inc. ("ACI") (a defendant in this Coverage Action) for alleged damages caused by Muehlhauser's defective work in connection with two public works construction projects.  At the very same time it is fending off ACI's lawsuit, Muhlhauser now finds itself being sued by its own insurer, Travelers, who wants to escape its duty to defend and indemnify Muhlhauser from and against the damages claimed against it in the Underlying Action.  As such, Muhlhauser is being forced to manage and fight a "two-front war" where overlapping issues and facts potentially conflict.  For all the reasons discussed herein, Muhlhauser will suffer substantial prejudice if this Coverage Action is not stayed pending resolution of the Underlying Action.

Based upon the Supreme Court's holding in *Landis v. North American Co.*, 299 U.S. 248 (1936) ("*Landis*"), courts have long recognized that an insurance coverage action brought by an insurer against its insured regarding the insurer's duties to its insured in an underlying third-party claim should be stayed until the third-party claim is resolved.  Here, Muhlhauser is entitled to a stay so that Travelers cannot force its insured to divide its limited time and resources fighting a two-front war.  If forced to concurrently litigate this Coverage Action, Muhlhauser will be compelled to incur

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO STAY

substantial attorney fees fighting whether Travelers has a duty to pay for any judgment against Muhlhauser – before any judgment has been entered. Indeed, because Muhlhauser disputes their liability in the Underlying Action, it remains distinctly possible that they will obtain a defense judgment. It would be a complete waste of Muhlhauser's (and this Court's) resources to continue this Coverage Action, fighting over coverage for a judgment award that may never materialize. And, there would certainly be no prejudice to Travelers in litigating coverage for any judgment against Muhlhauser after one is actually entered, if ever.

In this Coverage Action, Travelers is attempting to disavow any obligation to defend or indemnify Muhlhauser in the Underlying Action. In order to defeat Travelers' coverage claims, Muhlhauser will have to prove that the claims against it in the Underlying Action are covered under Travelers' policies. To do so, Muhlhauser will have to argue that there was an "occurrence" (or accident as defined by Travelers' policies), that the underlying plaintiff did sustain "property damage" (as defined by the policies), and that the type of "property damage" sustained by the underlying plaintiff, ACI, is not excluded by Travelers' policies. How does Muhlhauser seek to establish that it engaged in accidental conduct that caused ACI to sustain property damage in this Coverage Action and at the same time claim the exact opposite in the Underlying Action? Concurrent litigation of the Coverage Action and the Underlying Action under these circumstances puts Muhlhauser in a grotesquely awkward position. The *Landis* stay is designed to protect insureds, like Muhlhauser, from this very kind of prejudice. Muhlhauser is, thus, entitled to a stay of this Coverage Action as a matter of law.

Furthermore, because the plaintiff in the Underlying Action (ACI) is a party to this Coverage Action, Travelers can essentially team up with them against Muhlhauser. For example, if this Coverage Action goes forward, Muhlhauser will be forced to look for, develop and produce evidence of its own accidental conduct (to prove that there was an "occurrence" as required by the Travelers' policies) and that ACI sustained damages as a result of Muhlhauser's own accidental conduct. That clearly puts

Muhlhauser in the position of having to prove its own liability to obtain coverage. How can Muhlhauser obtain coverage (and defeat Travelers' Coverage Action) without damaging its defenses of no liability and no damages in the Underlying Action? The answer is simple – Muhlhauser cannot. And, quite clearly, as a party to this Coverage Action, the underlying plaintiff, ACI, will be in a position to use such evidence against Muhlhauser in the Underlying Action. Thus, while ACI and Travelers may look to the Coverage Action for different advantages (i.e., Travelers to establish non-coverage and ACI to establish Muhlhauser's liability), they both want things adverse to Muhlhauser. Staying this Coverage Action is the only way to avoid such prejudice. Muhlhauser should not be faced with the specter of its insurer, Travelers, joining forces with the underlying plaintiff, ACI, to prove the same issues for their respective benefits and for Muhlhauser's singular disadvantage. Muhlhauser is entitled to the support and assistance of its insurer, Travelers, in defending against the ACI's claims. Muhlhauser receives that unfettered support and assistance only if this Coverage Action is stayed.

Simply put, Travelers should not be allowed to join forces with ACI, the very party suing the insured in the Underlying Action. Travelers should instead be teaming up with Muhlhauser and should be helping its insured fight off the claims asserted against it by the underlying plaintiff, ACI. Muhlhauser should not be forced to divert its limited resources from the defense of the Underlying Action in order to concurrently participate in this Coverage Action.

A stay of the Coverage Action will not impose any prejudice upon Travelers. If this matter is not stayed, however, substantial prejudice will be imposed upon Muhlhauser. The only prejudice that Travelers might argue – money spent in the continuing defense of Muhlhauser in the Underlying Action – is made moot by California law, since the California Supreme Court has held that an insurer that defends its insured immediately and entirely may seek reimbursement of its defenses fees and costs from its insured. *Buss v. Superior Court*, 16 Cal.4th 35, 50-51 (1997). In this Coverage Action, Travelers expressly claim they are entitled to such reimbursement

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO STAY

1    and, thus, there is no prejudice to Travelers if the case is stayed.

2        While Travelers is insulated from any harm if the Coverage Action is stayed,

3    Muhlhauser will sustain substantial prejudice if the Coverage Action is not stayed, as

4    they will be forced to concurrently fend off the claims being asserted against it in the

5    Underlying Action and the claims of its own insurers, Travelers, in this Coverage

6    Action.  It would be patently unfair to force Muhlhauser to concurrently fight ACI in

7    the Underlying Action and Travelers in this Coverage Action.  Muhlhauser's defense of

8    each claim would necessarily suffer.  To which battles to devote its resources are

9    decisions that Muhlhauser should not be forced to make.  These are the very kind of

10   decisions that courts have repeatedly held insureds, like Muhlhauser, do not have to

11   make.  Courts have consistently made clear that insurers, like Travelers, may not put

12   their insureds in such a precarious position.

13       The bottom line here is that Muhlhauser should not be forced to prove in this

14   Coverage Action its own liability (accident) and the damages sustained by the

15   underlying plaintiff (issues that are being litigated in the Underlying Action) in order to

16   obtain coverage.  Any such evidence that Muhlhauser might develop on these points in

17   order to prove coverage can undoubtedly be used against them by the ACI in the

18   Underlying Action. Accordingly, this Coverage Action should be stayed until a

19   judgment (of whatever kind) is entered in the Underlying Action.  That is the only way

20   to protect Muhlhauser from the substantial prejudice that will be imposed upon it if the

21   Coverage Action proceeds forward at this time and under these circumstances.

22       Muhlhauser therefore requests that this Court exercise its sound discretion and

23   stay the insurer's coverage proceedings until final resolution of the Underlying Action

24   currently pending in Orange County Superior Court. There is no reason for the parties

25   to expect that the underlying state court action, which was filed in July 2021, will not

26   move through the state court in typical fashion and without unreasonable delays.  The

27   stay requested by this motion is, thus, reasonable both in scope and time.

28   / / /

## II.    FACTUAL BACKGROUND

### A.    The Underlying Action

On July 23, 2021, ACI filed a complaint against Muhlhauser in the Underlying Action.  Request for Judicial Notice filed concurrently herewith ("RFJN"), ¶ 1; and ¶ 3, Exhibit B  (Travelers' complaint at ¶ 14).   The Underlying Action arises from two public works construction projects for the Orange Unified School District ("District") known as the Villa Park High School Interim Housing & Science Center Project ("Villa Park Project") and the El Modena High School Science Center Project ("El Modena Project").  RFJN, ¶ 2, Exhibit A (ACI's first amended complaint ("FAC") at ¶¶ 9 and 12); ¶ 3, Exhibit B (Travelers' complaint at ¶ 12). [1] [2]

ACI filed its operative FAC in the Underlying Action on November 12, 2021, alleging causes of action against Muhlhauser (referred to as "MSI" in the FAC) for breach of written contract, enforcement of performance bond, and negligence.  RFJN, ¶ 2, Exhibit A (ACI's FAC). ACI therein alleges that in March 2019 and April 2019, respectively, it hired Muhlhauser as a steel subcontractor on the Villa Park Project and El Modena Project.  RFJN, ¶ 2, Exhibit A (ACI's FAC at ¶¶ 9, 12).  ACI also therein alleges that, among other things, Muhlhauser performed defective work in connection with both projects. RFJN, ¶ 2, Exhibit A (ACI's FAC at ¶¶ 11, 14). And in its third and sixth causes of action for negligence, ACI alleges that Muhlhauser breached its duty of care by performing unacceptable and/or defective work and failing to perform work as required by the Villa Park Project and El Modena Project plans and specifications, all of which is alleged to have resulted in damages.   RFJN, ¶ 2, Exhibit A (ACI's FAC at ¶ 25, 40).

/ / /

---

[1] Muhlhauser does not admit as true any of the allegations made against it in the Underlying Action and this Coverage Action, all of which are hereby expressly denied, as more fully set forth in the pleadings on file in the Underlying Action and Coverage Action.

[2] For ease of reference, the portions of ACI's first amended complaint (Exhibit A to RFJN) and Travelers' complaint (Exhibit B to RFJN) that are germane to this motion have been highlighted.

**B. The Policies**

The insurance policies at issue in this Coverage Action are two commercial general liability policies that Muhlhauser purchased from Travelers, policy no. 630-3J324125-TCT, in effect for the period of April 22, 2019 through April 22, 2021 ("Policies"). RFJN, ¶ 3, Exhibit B (Travelers' complaint at ¶ 8). Pursuant to the Policies, Travelers generally promised to, among other things, pay on behalf of Muhlhauser those sums that Muhlhauser becomes legally obligated to pay as damages because of, *inter alia*, "property damage" caused by an "occurrence". RFJN, ¶ 3, Exhibit B (Travelers' complaint at ¶ 9). The Policies generally define "property damage" as physical injury to or destruction of tangible property or loss of use of tangible property not physically injured or destroyed, and an "occurrence" is generally defined as an accident. RFJN, ¶ 3, Exhibit B (Travelers' complaint at ¶¶ 23, 17).

Travelers contends that it agreed to defend Muhlhauser under the Policies in connection with the Underlying Action subject to a reservation of rights, including the right to seek reimbursement of payments made by Travelers in defending its insured. RFJN, ¶ 3, Exhibit B (Travelers' complaint at ¶ 20).

**C. The Instant Coverage Action**

On September 3, 2024, Travelers filed this Coverage Action against Muhlhauser and ACI. RFJN, ¶ 3 (Travelers' complaint). Travelers therein seek a determination from this Court that they have no duty to defend or indemnify Muhlhauser under the Policies in connection with the Underlying Action, because, according to Travelers, no "property damage" caused by an "occurrence" has been alleged in the Underlying Action. RFJN, ¶ 3, Exhibit B (Travelers' complaint at ¶¶ 27, 32). Travelers also seek reimbursement of the defense fees and costs paid in connection with the Underlying Action, contending that it specifically reserved its right to do so. RFJN, ¶ 3, Exhibit B (Travelers' complaint at ¶ 36).

/ / /

/ / /

### III.  <u>ARGUMENT</u>

Where a federal court sits in diversity, *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938) and its progeny require the application of state substantive law and federal procedural law. *Snead v. Metro Prop. & Cas. Insurance Company*, 237 F. 3d 1080, 1090 (9th Cir. 2001). A motion to stay is procedural and requires the trial court to apply the factors set forth in *Landis, supra,* 299 U.S. 248. See *United Specialty Insurance Company v. Bani Auto Group, Inc.*, 2018 WL 5291992, at *4 (N.D. Cal., Oct. 23, 2018).  The trial court may also look to California law to inform its analysis under *Landis*. See *United Specialty Ins. Co.*, *supra*, 2018 WL 5291992 at *4.

Applying both federal procedural law and California state law to this motion demonstrates that a stay is warranted. Under federal law, a stay is required to avoid damage to the defendant, hardship and inequity to the defendant, and to simplify the factual and legal issues before this Court.  California law supports that a stay is required because the factual issues to be decided through this Coverage Action directly overlap with the factual issues in the Underlying Action. Furthermore, Muhlhauser will be compelled to fight a "two-front" war on the same overlapping issues – which further supports the position that rejecting a stay would prejudice Muhlhauser.

### A.  <u>Federal Law Supports Muhlhauser's Motion to Stay</u>

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis, supra,* 299 U.S. at 254. "The decision whether to grant a stay is committed to the 'sound discretion' of the court and is based on weighing 'the competing interests that will be affected by the granting or refusal to grant stay'." *Great American Assurance Co. v. M.S. Industrial Sheet Metal, Inc.*, 2011 WL 13228037, *3 (C.D. Cal. Sept. 22, 2011).

Specifically, a court should consider the following factors in determining whether to stay a proceeding: (1) the possible damage that may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO STAY

1   forward; and (3) the orderly course of justice, measured in terms of the simplifying or

2   complicating of issues, proof, and questions of law which could be expected to result

3   from a stay. *Landis*, *supra*, 299 U.S. at 254-255; *CMAX, Inc. v. Hall*, 300 F. 2d 265,

4   268 (9th Cir. 1962). A trial court may find "it is efficient for its own docket and the

5   fairest course for the parties to enter a stay of an action before it, pending resolution of

6   independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal.*

7   *Ltd.*, 593 F. 2d 857, 863 (9th Cir. 1979).

8        Here, the issues of the case and the position of Muhlhauser are very similar to

9   the defendant in *Zurich Am. Ins. Co. v. Omnicell, Inc.,* 2019 WL 570760 (N.D. Cal.

10  2019). In *Zurich*, the insurer, Zurich, filed a lawsuit seeking declaratory relief that it

11  owed its insured, Omnicell, neither a duty to defend nor a duty to indemnify. *Zurich*,

12  *supra*, at \*2. Omnicell filed a motion to stay pursuant to the federal court's inherent

13  power under *Landis* as well as cited to California law – specifically *Montrose Chem.*

14  *Corp. v. Superior Court*, 6 Cal. 4th 287, 301 (1993) – in support of its motion to stay.

15  *Id.* The court granted Omnicell's motion to stay after a thorough and sound analysis.

16       Applying all of the above factors mentioned above to this case demonstrates that,

17  similar to the matter in *Zurich*, a stay is required in this action. Muhlhauser will be

18  harmed if a stay is rejected because it will be forced to litigate the same factual issues

19  in the Underlying Action that will inevitably be litigated and decided upon in this

20  matter, including but not limited to: (a) whether there was an occurrence or accident;

21  (b) whether Muhlhauser performed unacceptable and/or defective work; (c) whether

22  Muhlhauser failed to perform work as required by the project plans and specifications;

23  and (d) whether and to what extent there was property damage and/or other types of

24  damages -- as well as other facts alleged in the Underlying Action. Travelers cannot

25  reasonably contend that the coverage issues in the Coverage Action do not turn upon

26  facts that are being litigated in the Underlying Action.  Clearly, the factual issues of

27  whether there was an occurrence or accident and, if so, what are the type and scope of

28  the damages, are issues that will have to be proved in both the Coverage Action (for

1  Muhlhauser to trigger coverage)[3] and in the Underlying Action (for the underlying

2  plaintiff, ACI, to obtain a judgment award against Muhlhauser).   Given these

3  overlapping factual issues, Muhlhauser is entitled to a stay of this Coverage Action.

4  There is no way that the issues to be discovered and ultimately tried in the Coverage

5  Action will not infringe upon the issues to be tried in the Underlying Action.

6      All of this will create an obvious and undue hardship on Muhlhauser, whereas

7  Travelers is not affected because it will maintain the ability to seek reimbursement

8  following the resolution of the Underlying Action. *Buss, supra,* 16 Cal.4th at 50-51

9  (1997).  Finally, this accommodates the Court and is judicially efficient by allowing the

10 court in the Underlying Action to litigate the key factual issues that will ultimately

11 determine coverage and the outcome of this Coverage Action.

12         **1.  A Stay Is Appropriate Because Prejudice to Muhlhauser Will**

13              **Greatly Outweigh Prejudice to Travelers**

14     Declining to stay this Coverage Action will result in substantial prejudice to

15 Muhlhauser and will greatly outweigh any prejudice suffered by Travelers.  Should the

16 stay not be granted, Muhlhauser will be compelled to litigate the Underlying Action

17 while simultaneously devoting its own money and resources to litigate coverage issues

18 that <u>directly overlap</u> with the Underlying Action and issues that are <u>contingent</u> upon

19 factual findings in the Underlying Action.

20     Muhlhauser is currently engaged in the Underlying Action with ACI (a defendant

21 in this Coverage Action).  Travelers agreed to defend Muhlhauser under the Policies

22 subject to a reservation of rights, including the right to seek reimbursement of defense

23

24 ───────────────
   [3] Under California law, the parties must first establish a right to coverage under the insuring agreement

25 (which includes whether there was an "occurrence" and whether "property damage" resulted from that
   "occurrence") before reaching any exclusions or coverage limitations on which Plaintiffs' rely in this

26 Coverage Action.  *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 16 (1995).  Thus, the insured must
   first establish that the claims against them are potentially covered, i.e., fall within the scope of the

27 policy's insuring agreement. To do that, Muhlhauser would have to prove that it caused an accident
   ("occurrence") and that the underlying plaintiff suffered "property damage" as a result.  Then, the

28 burden shifts to Travelers to prove that any exclusions or limitations bar coverage.

fees and costs incurred in the Underlying Action.  RFJN, ¶ 3, Exhibit B (Travelers' complaint at ¶ 36).  Travelers then brought this action seeking to avoid their obligation to defend or indemnify Muhlhauser in the Underlying Action by overgeneralizing allegations in ACI's FAC and policy language in order to describe <u>none</u> of those claims as potentially covered under the Policies.  For example, Travelers alleges that ACI's claims against Muhlhauser are "limited exclusively" to claims that Muhlhauser's work was not performed to specifications and experienced delays.  RFJN, ¶ 3, Exhibit B (Travelers' complaint at ¶ 18).  That is not the case in the context of Travelers' duty to defend, where California law requires insurers like Travelers to defend any suit which <u>potentially</u> seeks damages within the coverage of the policy. *Gray v. Zurich Ins. Co.*, 65 Cal. 2d 263, 275 (1966) (emphasis in original).

Here, ACI's FAC contains allegations that, at the very least, trigger a <u>potential</u> for coverage under the Travelers' Policies. In parsing through all of the allegations in the Underlying Action to establish coverage in this Coverage Action, Muhlhauser will inevitably be forced litigate the same factual issues pending resolution in the Underlying Action to establish whether these claims are covered by the Travelers' Policies. In the Underlying Action, Muhlhauser is litigating issues such as (a) whether there was an occurrence or accident; (b) whether Muhlhauser performed unacceptable and/or defective work; (c) whether Muhlhauser failed to perform work as required by the project plans and specifications; and (d) whether and to what extent there was property damage and/or other types of damages -- as well as other facts alleged in the Underlying Action. In this Coverage Action, Muhlhauser again will have to litigate these same claims by denying the allegations made by ACI in order to secure coverage in the Underlying Action.

And, Travelers will be conducting discovery to try to disprove coverage, which evidence would directly conflict with the evidence Muhlhauser needs to defend the allegations in the Underlying Action. Simply put, Muhlhauser's insurer would be attempting to prove a case that helps ACI, and hurts Muhlhauser, in the very suit which

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO STAY

1    Muhlhauser is entitled to protection from its insurance carrier.

2    Moreover, Muhlhauser will be forced to spend time and money litigating this

3    Coverage Action, despite the underlying FAC and extrinsic evidence potentially

4    triggering coverage under the Travelers' Policies. Instead of solely focusing on the

5    defense in the Underlying Action, Muhlhauser will be forced to divide its attention and

6    resources to fight this two-front war with its own carrier just to maintain a defense in

7    the Underlying Action.

8    This two-front war with Travelers prejudices Muhlhauser much more than

9    it prejudices its insurer. "Courts have found that any prejudice (if at all) to the insurer in

10   having to pay defense costs while the underlying case is pending is outweighed by

11   prejudice to the insured in having to fight a "two-front war." *Zurich Am. Ins. Co.,*

12   *supra*, 2019 WL 570760, at *6.  Indeed, any such argument by Travelers that ongoing

13   defense costs represent prejudice to it as the non-moving party on a motion to stay has

14   been rejected by many courts (s*ee, e.g., Zurich, supra*, 2019 WL 570760, at *5-6;

15   *Aspen Am. Ins. Co. v. Ou*, 2019 WL 1950293, at *6 (C.D. Cal. Mar. 14, 2019); *RLI Ins.

16   Co. v. Ace Amer. Ins.*, 2020 WL 1322955, at *4 (N.D. Cal. Mar. 20, 2020); *National

17   Union Fire Ins. Co. of Pittsburgh, PA v. Rudolph and Sletten, Inc.*, 2020 WL 4039370,

18   at *8 (N.D. Cal. July 17, 2020).  The Ninth Circuit has rejected this argument, too,

19   noting that being required to defend a suit does not constitute damage or prejudice

20   within the meaning of *Landis*.  *Lockyer v. Mirant Corp.*, 298 F.3d 1098, 1112 (9th Cir.

21   2005).

22   On the other hand, Travelers is already obligated to defend the Muhlhauser in the

23   Underlying Action, and has reserved its right for reimbursement, which creates no

24   prejudice for the insurer.  *Zurich Am. Ins. Co., supra*, 2019 WL 570760, at *5.

25   Travelers does not waive any of these rights by waiting for final adjudication in the

26   Underlying Action. Thus, Travelers' position remains unchanged by granting the stay

27   and compelling them to continue to defend Muhlhauser, as they are required to do

28   under the Policies and California law.

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO STAY

1

a.    **Travelers Owe Muhlhauser a Defense in the Underlying**
**Action**

2

3    Under California law, Travelers has a broad duty to defend its insured,

4 Muhlhauser.  In an insurance coverage action regarding the duty to defend, the insurer

5 has a higher burden than the insured.  See *Watts Industries, Inc. v. Zurich American Ins.*

6 *Co.*, 121 Cal.App.4th 1029, 1039 (2004).  To prevail, the insured need only show that

7 the underlying claim <u>may</u> fall within policy coverage while the insurer must prove it

8 <u>cannot</u>.  *Id.*; *Montrose, supra,* 6 Cal.4th at 300.  The insurer must show <u>conclusively</u>

9 that the damages sought by the third-party claimant are not covered under the policy.

10 *Montrose, supra,* 6 Cal.4th at 300.  Any doubt as to whether the facts give rise to a duty

11 to defend is resolved in the insured's favor.  *Id.* at 299-300.  Any uncertainty as to

12 whether a duty to defend is owed is resolved in favor of coverage.  *Producers Dairy*

13 *Delivery Co. v. Sentry Ins. Co.*, 41 Cal.3d 903, 912 (1986).  Only when there is no

14 possibility of coverage is there no duty to defend.  *Waller v. Truck Ins. Exch., Inc.*, 11

15 Cal. 4th 1, 19 (1995).

16    Accordingly, while Muhlhauser need only show that the underlying claim <u>may</u>

17 fall within policy coverage, Travelers must prove it <u>cannot</u>." *Montrose, supra*, 6 Cal.

18 4th at 300 (emphasis in original); See also *Haskel v. Superior Court*, 33 Cal. App. 4th

19 963, 978 (1995). California law requires an insured to defend any suit which <u>potentially</u>

20 seeks damages within the coverage of the policy. *Gray, supra,* 65 Cal. 2d at 275

21 (emphasis in original). The defense is excused only when the third-party complaint can

22 <u>by no conceivable theory raise a single issue</u> which could bring it within the policy

23 coverage. *Montrose*, 6 Cal. 4th at 300; *Devin v. United States Automobile Association*,

24 6 Cal. App. 4th 1149, 1157 (1992).

25    Indeed, the insurer must defend any claim that would be covered if true, even if

26 the claim is in fact groundless, false or fraudulent. *Palp, Inc. v. Williamsburg Nat. Ins.*

27 *Co.*, 200 Cal. App. 4th 282, 289 (2001). The California Supreme Court has held that the

28 duty to defend "may exist" even where coverage is in doubt and ultimately does not

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO STAY

1    develop. *Montrose*, 6 Cal. 4th at 295.  And California case law is clear that exclusions

2    and limitations on coverage in an insurance policy are "strictly construed against the

3    insurer and liberally interpreted in favor of the insured." <u>Delgado v. Heritage Life Ins.</u>

4    <u>Co.</u>, 157 Cal. App. 3d 262, 271 (Cal. Ct. App. 1984).

5         In circumstances where certain claims in an action are not covered, if a single

6    claim is potentially covered, the insurer has a duty to defend the entire "mixed" action.

7    *Buss, supra,* 16 Cal. 4th at 47-49; *Aerojet-General Corp. v. Transport Indem. Co.*, 17

8    Cal. 4th 38, 59 (1997). "To defend meaningfully, the insurer must defend immediately.

9    To defend immediately, it must defend entirely." *Buss*, *supra*, 16 Cal. 4th at 49. This

10   same logic follows for "mixed" claims – a claim in which at least one of the parts is at

11   least potentially covered and at least one of the parts is not. *Aerojet, supra*, 17 Cal. 4th

12   at 60. In such a scenario, "the insurer has a prophylactic duty" to "defend the claim in

13   its entirety." *Id.*

14        Here, Travelers contends that no coverage is afforded to Muhlhauser because,

15   according to Travelers, no "property damage" caused by an "occurrence" has been

16   alleged in the Underlying Actions.  ACI's FAC, however, contains broad allegations of

17   <u>potentially</u> covered claims, including allegations that ACI has suffered damages caused

18   by Muhlhauser's allegedly unacceptable and/or defective work. Even if parts of ACI's

19   claims include aspects that may not be covered, Travelers has a duty to defend the

20   <u>entirety</u> of the action even if there is only one potentially covered claim. Travelers has

21   not and cannot prove through undisputed evidence that there is no conceivable theory

22   that triggers potential coverage. Travelers therefore has a continuing duty to provide a

23   defense.

24        Furthermore, a duty to defend is triggered where, <u>under the facts alleged,</u>

25   <u>reasonably inferable, or otherwise known</u>, the complaint could fairly be amended to

26   state a covered liability.  *Hartford Cas. Ins. Co. v. Swift Distribution, Inc.*, 59 Cal.4th

27   277, 287 (2014); See *Barnett v. Fireman's Fund. Ins. Co.*, 90 Cal.App.4th 500, 508-09

28   (2001).  So, even if the facts alleged in Underlying Action do not suggest a potential for

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO STAY

liability under the Travelers' Policies (for the above reasons, they do), extrinsic facts known to the insurer generate a duty to defend. This is because current pleading rules liberally allow amendment, and the third party cannot be the arbiter of coverage. *El-Com Hardware, Inc. v. Fireman's Fund Insurance Company*, 92 Cal. App. 4th 205, 213 (2001). For these reasons, even if Travelers could somehow establish that the facts alleged in ACI's FAC do not create a potential for coverage under any conceivable theory, Travelers would still not escape its obligation to defend Muhlhauser unless it could conclusively establish no potential for coverage under the facts alleged, reasonably inferable, or otherwise known. Travelers has not and cannot reasonably argue that ACI's express allegations of damages caused by Muhlhauser's supposedly defective work cannot, at the very least, be reasonably inferred to be alleging damages because of property damage caused by an occurrence.

In addition, even if the allegations in the Underlying Action were unclear or ambiguous, any doubt as to whether the facts give rise to a duty to defend must be resolved in the insured's favor. *Montrose*, supra, 6 Cal.4th at 295. Any uncertainty as to whether a duty to defend is owed must be resolved in favor of coverage. *Producers Dairy, supra,* 41 Cal.3d at 911. So, any doubts about what is being alleged in the Underlying Action and any question about whether the Underlying Action includes allegations of accidental conduct or property damage must be resolved in favor of coverage. Such is the law in California.

The bottom line here is that although Muhlhauser paid for insurance to defend it against claims and for peace of mind, Travelers now essentially proposes to use Muhlhauser's premium dollars in this Coverage Action to ensure both that Muhlhauser is found liable in the Underlying Action, and to ensure that Muhlhauser has no coverage -- all prior to trial of the Underlying Action. The proposed collaboration of Travelers with ACI to develop facts detrimental to Muhlhauser makes things worse for Muhlhauser than if it had not purchased insurance from Travelers at all. No greater prejudice could exist.

## 2.    <u>Muhlhauser Will Suffer Damage if a Stay Is Not Granted</u>

Muhlhauser will suffer undue hardship if a stay is not granted. This hardship will greatly outweigh the hardship – if any – suffered by Travelers. Declining to stay this action will damage Muhlhauser by forcing it to fund its own defense in this Coverage Action and requiring it to spend time, money and resources litigating both the Underlying Action and this Coverage Action.

"[A]n insured's desire to secure the right to call on the insurer's superior resource for the defense of third party claims is, in all likelihood, typically a significant motive for the purchase of insurance. . . ." *Montrose, supra,*, 6 Cal. 4th at 295-296. Muhlhauser has paid premiums to Travelers and followed all of the mandates required by the Policies. Yet, once Muhlhauser asked for a benefit of the Policies – a defense in the Underlying Action – Travelers wasted little time trying to escape its obligations of providing a defense.

The court in *Zurich* was "unpersuaded" by the insurer's argument that it will suffer damage as a result of a stay because it would delay a determination that the insurer owes no coverage to the insured in that particular underlying action. *Zurich, supra,* 2019 WL 570760, at. *5. In *Zurich*, the court held that other courts had also been unpersuaded by such arguments, "particularly because advancing defense costs is 'part of an insurer's obligation and costs of doings business.'" *Id.* [citing *State Nat'l Ins. Co., Inc. v. US-SINO Inv., Inc.*, 2015 WL 5590842, at *5 (N.D. Cal. Sept. 23, 2015)]. Moreover, a "delay in the recovery of damages 'is not the kind of prejudice which should move a court to deny a requested postponement.'" *Id.* [citing *CMAX, supra,* 300 F. 2d at 269].

In sum, Muhlhauser will be damaged by having its bargained for defense pulled out from beneath it, as well as being forced to litigate the Underlying Action and this Coverage Ation, despite the Coverage Action being entirely dependent on the resolution of the Underlying Action.

/ / /

### 3.    The Course of Justice Supports a Stay

Staying this case will simplify the factual issues, legal issues, and questions of law for the Court. The insurance coverage issues directly overlap with the factual issues involved in the Underlying Action. For example, the factual issues of whether there was an occurrence or accident and, if so, what are the type and scope of the damages, are issues that will have to be proved in both the Coverage Action (for Muhlhauser to trigger coverage) and in the Underlying Action (for the underlying plaintiff, ACI, to obtain a judgment award against Muhlhauser). There is no way that the issues to be discovered and ultimately tried in the Coverage Action will not infringe upon the issues to be tried in the Underlying Action

Moreover, in order to defeat Travelers' coverage claims, Muhlhauser will have to prove that the claims against it in the Underlying Action are covered under Travelers' policies.  To do so, Muhlhauser will have to argue that there <u>was</u> an "occurrence" (or accident as defined by Travelers' Policies), that the underlying plaintiff, ACI, <u>did</u> sustain "property damage" (as defined by the Policies), and that the type of "property damage" sustained by the underlying plaintiff, ACI, <u>is not</u> excluded by Travelers' Policies.  Muhlhauser will, thus, be forced to establish that it engaged in accidental conduct that caused ACI to sustain property damage in this Coverage Action and at the same time claim the exact opposite in the Underlying Action.

As a result of this matter litigating many of the same issues already being litigated in the Underlying Action, this Court will be providing analysis of issues that are already unfolding in the Underlying Action. This is not an efficient use of the Court's time. "A district court should avoid a needless determination of state law." *Maryland Cas. Co. v. Witherspoon*, 993 F. Supp. 2d 1178, 1183 (C.D. Cal. 2014). A needless determination of state law occurs when there is already an ongoing proceeding regarding the "precise state law issue" in the parallel proceeding or when a lawsuit has no compelling interest but is merely a diversity action. *Id*. Here, a stay would allow Underlying Action to proceed and conclude, thereby resolving the issues disputed in

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO STAY

1  this action. The Court would only be required to apply the rulings in the Underlying

2  Action to this matter.

3      Much like in *Zurich*, a stay of the instant case would promote judicial efficiency,

4  to avoid this Court from delving into the facts of the claims in the Underlying Action.

5  *Zurich,* 2019 WL 570760, at *6. The relationship between the underlying claims will be

6  clarified through the course of litigation in the Underlying Action. *Id.* A court need not

7  preside over parallel proceedings over largely overlapping issues. *Id.*  Accordingly, a

8  stay of this Coverage Action is warranted under federal law.

9      **B.    California Law Supports Muhlhauser's Motion to Stay**

10      A stay of this Coverage Action is warranted under California law, too, should the

11  Court look to California law in deciding this motion.  California courts have long

12  recognized that an insurance coverage action brought by an insurer against its insured

13  regarding duties owed by the insurer with respect to an underlying third-party claim

14  should be stayed until resolution of that third-party claim.  *Montrose*, *supra*, 6 Cal.4th

15  at p. 301; *Montrose Chemical Corp. v Superior Court*, 25 Cal.App.4th 902, 909-910

16  (1994) ("*Montrose II*"); *Haskel, supra,* 33 Cal.App.4th at 979.   The underlying

17  rationale for the *Montrose* stay is that concurrent litigation of the declaratory relief and

18  liability actions could prejudice the insured.  *Montrose II*, *supra*, 25 Cal.App.4th at p.

19  909.  A court may therefore stay coverage litigation to avoid prejudice to the insured,

20  such as where factual issues in the coverage case and the third-party liability action

21  overlap.   *Montrose*, *supra*, 6 Cal.4th at pp. 301–302; *Montrose II*, *supra*, 25

22  Cal.App.4th at pp. 907-11; *David Kleis, Inc. v. Superior Court*, 37 Cal.App.4th 1035,

23  1051 (1995).  In fact, adjudication of coverage issues in advance of resolution of the

24  third party liability action is available <u>only</u> when litigating the coverage action will do

25  no injury to the insured's defense in the underlying action.  *Montrose*, *supra*, 6 Cal.4th

26  at pp. 301-02; *White v. Western Title Ins. Co.*, 40 Cal.3d 870, 885-86 (1995) [carrier

27  required to act in good faith when filing and litigating coverage action].

28  / / /

**MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO STAY**

1   California law has identified three types of potential prejudices an insured may
2   suffer when its insurer brings a declaratory relief action while the underlying action is
3   in the midst of litigation. *Great American Ins. Co. v.* Superior Court, 178 Cal. App. 4th
4   at 236. Two of the three prejudices arise "when there is factual overlap with the issues
5   in the underlying action." *Id.* The three prejudices are as follows: (1) when the insured
6   may be prejudiced if the insurer joins forces with the plaintiff in the underlying action;
7   (2) when the insured is compelled to fight a "two-front" war; and (3) when the insured
8   may be collaterally estopped from litigating factual findings in the underlying action.
9   *Great American Ins. Co. v. Superior Court*, 178 Cal. App. 4th 221, 236-237 (2009).

10  Thus, a court considering whether to stay a declaratory relief action must
11  consider precisely which issues are to be litigated in order to resolve the declaratory
12  relief action, and "whether those issues are related to <u>factual</u> issues yet to be litigated in
13  the underlying action." *Great American Ins. Co., supra,* 178 Cal. App. 4th at 235
14  [citing *Haskel, supra*, 33 Cal.App.4th at 980 (emphasis in original)]).

15  "If the factual issues to be resolved in the declaratory relief action overlap with
16  issues to be resolved in the underlying litigation, the trial court <u>must</u> stay the
17  declaratory relief action." *Great American Ins. Co.*, 178 Cal. App. at 235 (emphasis in
18  the original). However, even if the factual or legal issues are unrelated to the underlying
19  action, a motion to stay is warranted if the resolution of the insurer's declaratory relief
20  action would prejudice the insured in the underlying action. *Id*. at 225.

21  Subsequent California decisions have followed *Montrose*.  *See*, *e.g.*, *Haskel*,
22  *supra*, 33 Cal.App.4th at p. 979 [even when an insured initiates the coverage action,
23  "[i]t is only where there is no potential conflict between the trial of the coverage
24  dispute and the underlying action that a carrier can obtain an early trial date and
25  resolution of its claim that coverage does not exist"]; *Foster-Gardner, Inc. v. Nat'l*
26  *Union Fire Ins. Co.*, 18 Cal.4th 857, 880, (1998); *Truck Ins. Exch. v. Superior Court*,
27  51 Cal.App.4th 985, 994-95 (1996) [if "the issue which creates a conflict must be
28  resolved in the underlying action, any declaratory relief action relating to coverage

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO STAY

1  should be stayed pending resolution of the underlying action"].  As follows, a stay of

2  this Coverage Action is necessary to avoid substantial prejudice to the insured

3  Defendants.

4        **1.**    **The Coverage Action and the Underlying Action Involve**

5               **Common Issues of Fact**

6       An insurance coverage action is improper where the coverage issue turns upon

7  one or more facts at issue in the underlying action against the insured.  *California Ins.*

8  *Guar. Ass'n v. Superior Court,* 231 Cal.App.3d 1617, 1623 (1991) ("*CIGA*").  In *CIGA*,

9  the court explained that a declaratory relief action should not be used for the purpose of

10  determining an issue that can be determined in the underlying action.  *Id.* at p. 1624.

11  Accordingly, a court should stay a declaratory relief action pending resolution of the

12  underlying action when the coverage question turns upon facts to be litigated there.

13  *Montrose*, *supra*, 6 Cal.4th at p. 301.

14       Here, and for all the reasons discussed above, Travelers cannot reasonably

15  dispute that the coverage issues in the Coverage Action turn upon facts that are being

16  litigated in the Underlying Action.  The factual issues of whether there was an

17  occurrence or accident and, if so, what are the type and scope of the damages, are

18  issues that will have to be proved in both the Coverage Action (for Defendants to

19  trigger coverage) and in the Underlying Actions (for the underlying plaintiffs to obtain

20  a judgment Muhlhauser is entitled to a stay of this Coverage Action, as the issues to be

21  discovered and ultimately tried in the Coverage Action will infringe upon the issues to

22  be tried in the Underlying Action.

23        **2.**    **A Stay Is Necessary to Prevent Substantial Prejudice to**

24               **Muhlhauser**

25       Courts recognize the potential prejudice that could be imposed upon an insured if

26  it is forced to fight a two-front war – one against the third-party claimant and another

27  against its own insurer.  *Montrose II*, *supra*, 25 Cal.App.4th at p. 910.  In *Haskel*, the

28  court summarized the factors that a court may look to in order to determine whether the

**MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO STAY**

1    request for a stay should be granted. *Haskel*, *supra*, 33 Cal.App.4th at p. 980.  To that

2    end, courts have three concerns when they discuss prejudice to the insured, each of

3    which underscores the necessity of staying the instant Coverage Action. *Id.* at p. 979.)

4        Courts are first concerned that the insurer, who is supposed to be on the side of

5    the insured and with whom there is a special relationship, effectively attacks its insured.

6    *Id.*  Clearly, the Coverage Action here raises the ugly specter of Travelers attacking its

7    insured, Muhlhauser.  In order to prove coverage, Muhlhauser must prove liability (it

8    engaged in accidental conduct) and that its accidental conduct caused property damage.

9    Obviously, the plaintiff in the Underlying Action, ACI, would want Muhlhauser to

10   develop that evidence so that ACI can use it against Muhlhauser in the Underlying

11   Action.  Just as obviously, the evidence that Muhlhauser would have to develop in this

12   Coverage Action would be adverse to its position in the Underlying Action (where

13   Muhlhauser is arguing that it is not liable and, even if they were, the damages are not as

14   significant as alleged). The underlying plaintiff, ACI, who is a party to this Coverage

15   Action and the Underlying Action, are well-positioned to take advantage of any

16   information or documents discovered in this coverage case and use it against

17   Muhlhauser in the Underlying Action.  The most basic discovery that Travelers  might

18   conduct in this Coverage Action would ask Muhlhauser to set forth those facts

19   supporting its claim to coverage and that, in turn, would compel Muhlhauser to argue

20   that its is liable (that there is an "occurrence" or accident) and that its caused property

21   damage.  Muhlhauser's responses would undoubtedly be used against it by ACI in the

22   Underlying Action.    Travelers should  be  assisting  Muhlhauser in  defending  the

23   Underlying Action.  Travelers should not be allowed to join forces with the party suing

24   its insured in the Underlying Action.

25       Second, courts are concerned that concurrent litigation of insurance coverage and

26   liability actions requires the insured to fight a two-front war, litigating not only with the

27   underlying claimant, but also expending precious resources fighting an insurer over

28   coverage questions – this effectively undercuts one of the primary reasons for

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO STAY

purchasing liability insurance. *Haskel*, *supra*, 33 Cal.App.4th at p. 979. As noted in *Haskel*, "[a]n insured obtains liability insurance in substantial part in order to be protected against the trauma and financial hardship of litigation." *Id.* at p. 979, fn. 14. Here, Muhlhauser is being required to fight such a two-front war. Muhlhauser should be able to devote their time and resources assisting with its defense in the Underlying Action. Muhlhauser should not be forced to divide its resources amongst this two-front war. Travelers should instead be teaming up to help Muhlhauser avoid or at the very least minimize its liability in the Underlying Action.

Undoubtedly, Travelers in this Coverage Action and ACI in the Underlying Action will see their own advantages in Muhlhauser dividing its time and resources between the two lawsuits. Undoubtedly, Travelers in this Coverage Action and ACI in the Underlying Action will see their own advantages in hamstringing Muhlhauser's defense, such as would occur if discovery happens in the Coverage Action. In that discovery, Muhlhauser will be constantly concerned about having its responses and its litigation positions in this Coverage Action used against them in the Underlying Action. It is, therefore, grossly unfair for Travelers to demand that Muhlhauser participate in this Coverage Action now, especially since Travelers can pursue reimbursement <u>after</u> the Underlying Action is completed.

A stay of the Coverage Action <u>will not</u> impose any prejudice upon Travelers. As discussed above, the only prejudice that Travelers might argue – money spent in the continuing defense of Muhlhauser in the Underlying Action – is made moot by California law, which has held that an insurer that defends its insured immediately and entirely may seek reimbursement of its defenses fees and costs from its insured. *Buss, supra,* 16 Cal.4th at 50-51. Travelers claim they are entitled to such reimbursement here and, thus, there is no prejudice to Travelers if this Coverage Action is stayed. By way of contrast, and for all the reasons discussed above, Muhlhauser will sustain substantial prejudice if the Coverage Action is not stayed. Moreover, a stay of the Coverage Action will not impose any significant prejudice upon Plaintiffs. If this matter is not

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO STAY

1  stayed, however, substantial prejudice will be imposed upon Defendants.  Accordingly,

2  a stay of the Coverage Action is required under California law.

3       Third, courts are concerned with the risk that the insured could be collaterally

4  estopped to contest issues in the underlying case by the results in the declaratory relief

5  action. *Haskel*, *supra*, 33 Cal.App.4th at p. 979.    Here, the factual determinations

6  Travelers will ask this Court to make are so intertwined with the factual determinations

7  in the Underlying Action that collateral estoppel could come into play, where the Court

8  here might potentially provide rulings on integral issues (e.g., whether there was an

9  accident or occurrence and, if so, the scope and extent of any resulting damages) that

10  have yet to be determined in the Underlying Action.  It is impossible for Travelers to

11  rely on the coverage limitations or exclusions of its Policies to deny Muhlhauser

12  coverage without relying on the factual issues now being litigated in the Underlying

13  Action. Muhlhauser will have to make the same arguments in the Underlying Action as

14  it will in this matter.  In litigating the above issues, the Court in this Coverage Action

15  will be performing the same exact role as the court in the Underlying Action in that the

16  Court here will be asked to make the same key findings as to the fault, or lack of fault,

17  of Muhlhauser, which is what is being asked of the state court in the Underlying

18  Action.   A a stay of this Coverage Action is, thus, warranted under California law, too.

19  ## IV.   **CONCLUSION**

20       For all the foregoing reasons, Muhlhauser respectfully requests that the Court

21  grant an order staying this Coverage Action until after the Underlying Action has been

22  resolved.

23  DATED: January 22, 2025          McLEOD LAW GROUP, A.P.C.

24                                   By:   /s/Paul C. Hirst_____
25                                   JOHN J. McLEOD
                                     PAUL C. HIRST

26                                   Attorneys for Defendant, MUHLHAUSER
27                                   STEEL, INC.
                                     Email: jmcleod@mcleodlawgroup.com
28                                            pchirst@mcleodlawgroup.com

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO STAY