John J. McLeod, Esq., Cal. Bar No. 174169
jmcleod@mcleodlawgroup.com
Paul C. Hirst, Esq., Cal. Bar No. 234460
phirst@mcleodlawgroup.com
McLEOD LAW GROUP, A.P.C.
1155 Camino Del Mar, Suite 510
Del Mar, California 92014
Telephone:  (619) 236-9938
Facsimile:  (619) 236-9943

Attorneys for Defendant,
MUHLHAUSER STEEL, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT,  a Connecticut Corporation, | Case No. 8:24-cv-01913-FMO-ADS |
| Plaintiff, | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO STAY** |
| v. | |
| MULHAUSER STEEL, INC., a California Corporation; ANGELES CONTRACTOR, INC., a California Corporation, and DOES 1 through 10, inclusive, | Hearing Date:  February 27, 2025<br>Hearing Time: 10:00 a.m.<br>Courtroom 6D |
| Defendants. | <u>Filed concurrently with:</u><br>1.  *Notice of Motion and Motion;*<br>2.  *Memorandum of Points & Authorities;*<br>3.  *Declaration of Paul C. Hirst; and*<br>4.  *[Proposed] Order.* |

24-cv-01914-FMO-ADS

REQUEST FOR JUDICIAL NOTICE ISO MOTION TO STAY

Defendant Muhlhauser Steel, Inc. ("Muhlhauser"), by and through its attorneys, hereby requests that, pursuant to Rule 201 of the Federal Rules of Evidence, the court take judicial notice of the below-listed court records in support of Muhlhauser's motion to stay filed concurrently herewith. Rule 201 permits the court to take judicial notice of a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Muhlhauser, thus, requests that the court take judicial notice of the following:

1.    Angeles Contractor, Inc.'s ("ACI") complaint in the lawsuit styled *Angeles Contractor, Inc. v. Muhlhauser Steel, Inc., et al.*, pending in Orange County Superior Court, case no. 30-2021-01211990-CU-BC-CJC ("Underlying Action"), which was filed on July 23, 2021.

2.    ACI's first amended complaint in the Underlying Action, which was filed on November 12, 2021. A true and correct copy of ACI's first amended complaint in the Underlying Action, the relevant portions of which have been highlighted for ease of reference, is attached hereto as Exhibit A. The voluminous exhibits to ACI's first amended complaint, which are not germane to this motion to stay, have been omitted from Exhibit A hereto.

3.    The Travelers Indemnity Company of Connecticut's ("Travelers") complaint in this action (Document No. 1), which was filed on September 3, 2024. A true and correct copy of Travelers' complaint in this action, the relevant portions of which have been highlighted for ease of reference, is attached hereto as Exhibit B.

DATED: January 22, 2025            McLEOD LAW GROUP, A.P.C.


                                   By:   /s/Paul C. Hirst
                                   JOHN J. McLEOD
                                   PAUL C. HIRST

                                   Attorneys for Defendant, MUHLHAUSER
                                   STEEL, INC.
                                   Email: jmcleod@mcleodlawgroup.com
                                          pchirst@mcleodlawgroup.com

REQUEST FOR JUDICIAL NOTICE ISO MOTION TO STAY

## <u>TABLE OF CONTENTS – EXHIBITS</u>

| <u>Exhibit</u> | <u>Description</u> | <u>Page</u> |
|---|---|---|
| A | ACI's first amended complaint filed in the Underlying Action on November 12, 2021. | 1 |
| B | Travelers' complaint filed in this action on September 3, 2024 (Document No. 1). | 11 |

# EXHIBIT A

Exhibit A
Page 1

Electronically Filed by Superior Court of California, County of Orange, 11/12/2021 04:25:00 PM.
30-2021-01211990-CU-BC-CJC - ROA #10 - DAVID H. YAMASAKI, Clerk of the Court By Randi Baker, Deputy Clerk.
#:248

Mark A. Feldman, Esq. State Bar No. 152476
Andrew A. Monge, Esq. State Bar No. 329466
FELDMAN & ASSOCIATES, INC.
11030 Santa Monica Blvd., Suite 109
Los Angeles, California 90025
Telephone: (310) 312-5401

Attorney for Plaintiff,
**ANGELES CONTRACTOR, INC.**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE

| | |
|---|---|
| ANGELES CONTRACTOR, INC., a California corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>MUHLHAUSER STEEL, INC., a California corporation; THE OHIO CASUALTY INSURANCE COMPANY, a New Hampshire corporation, and DOES 1 through 20, inclusive,<br><br>        Defendants. | **CASE NO:30-2021-01211990-CU-BC-CJC**<br><br>*Assigned to the Honorable David A. Hoffer. Dept. C42*<br><br>**[UNLIMITED JURISDICTION]**<br><br>**FIRST AMENDED COMPLAINT FOR:**<br>1. **BREACH OF WRITTEN CONTRACT;**<br>2. **ENFORCEMENT OF PERFORMANCE BOND;**<br>3. **NEGLIGENCE;**<br>4. **BREACH OF WRITTEN CONTRACT;**<br>5. **ENFORCEMENT OF PERFORMANCE BOND; and**<br>6. **NEGLIGENCE**<br><br>**Action Filed:** July 23, 2021<br>**Trial Date:** None Set |

COMES NOW, ANGELES CONTRACTOR, INC., a California corporation, and for causes of action against MUHLHAUSER STEEL, INC., a California corporation, THE OHIO CASUALTY INSURANCE COMPANY, a New Hampshire corporation, and DOES 1 through 20, inclusive, and each of them (collectively, "Defendants"), alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff ANGELES CONTRACTOR, INC. ("Angeles" or "Plaintiff") is now, and at all times relevant herein has been, a California corporation doing business in the County of Orange, with its principal place of business located at 783 Phillips Drive, City of Industry, California 91748. Angeles is and was at all times relevant a general contractor licensed with the California Contractors State License Board.

2. Plaintiff is informed and believes, and on the basis of such information and belief alleges that Defendant MUHLHAUSER STEEL, INC. ("MSI") is now and was at all times mentioned herein a California corporation doing business in the State of California, County of Orange, with its principal place of business located at 25825 Adams Avenue, Murrieta, California 92562.

3. Plaintiff is informed and believes and based thereon alleges that at all times relevant Defendant THE OHIO CASUALTY INSURANCE COMPANY (the "Surety" or "Ohio Casualty") is a New Hampshire corporation doing business in Orange County.

4. Plaintiff is unaware of the true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 20, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiff will seek leave of Court to amend this complaint to show the true names and capacities of such Defendants when same have been ascertained. Plaintiff is informed and believes and therefore alleges that each of the fictitiously named Defendants is responsible to Plaintiff for the injuries suffered and alleged herein, or are subject to the jurisdiction of the Court as a necessary party for the relief herein requested.

5. Plaintiff is informed and believes and therefore alleges that each of the Defendants is now, and was at all times mentioned herein, the agent, principal, partner, joint venturer, or alter ego of the remaining Defendants, and that all of the acts and conduct alleged herein were

performed within the course and scope and in the furtherance of such agency, partnership, joint venture, or alter ego relationship.

6. Whenever in this complaint reference is made to Defendants, and to each of them, such allegations shall be deemed to mean the acts of the Defendants acting individually, jointly, and severally.

7. Plaintiff is informed and believes, and based on said information and belief alleges, that at all relevant times mentioned herein, Defendants, and each of them, aided and abetted, encouraged, and provided substantial assistance to the other Defendants in breaching their duties and obligations to, without limitation, Angeles as alleged herein. In taking action, as alleged herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the Defendants acted with an awareness of their primary wrongdoing and realizes that their conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

8. The subcontracts hereinafter referred to were performed in the County of Orange, State of California.

9. On or about March 28, 2019, Plaintiff Angeles and Defendant MSI entered into a written subcontract agreement, a true and correct copy of which is attached hereto as **Exhibit "A"** and incorporated herein by this reference (the "Villa Park Subcontract"). Angeles hired MSI as a steel subcontractor on a public works construction project for public-entity owner Orange Unified School District ("District"), which project was and is referred to as the Villa Park High School Interim Housing & Science Center Project (the "Villa Park Project").

10. On or about August 14, 2019, MSI secured a Subcontract Performance Bond (Bond No. 39K000006) for the Villa Park Project with Defendant Ohio Casualty, a true and correct copy of which is attached hereto as **Exhibit "B"** and incorporated by this reference (the "Villa Park Performance Bond")

11. Plaintiff is informed and believes and therefore alleges that during the Villa Park Project, that the District alleges MSI materially breached the Villa Park Subcontract by, among other things, failing to comply with the Villa Park Project Plans and Specifications and

1    requirements of the Subcontract, performing defective work, and failing and refusing, without

2    justification, to repair its defective work. The District also alleges that MSI further breached the

3    Villa Park Subcontract by delaying the Villa Park Project's critical path and forcing Angeles to

4    incur, without limitation, additional General Conditions. Due to MSI's multiple breaches of the

5    Subcontract, Angeles was forced by the District to repair MSI's defective work and complete

6    MSI's remaining scope of work on an accelerated schedule.

7         12.  On or about April 1, 2019, Plaintiff Angeles and Defendant MSI entered into a

8    written subcontract agreement, a true and correct copy of which is attached hereto as **Exhibit**

9    **"C"** and incorporated herein by this reference (the "El Modena Subcontract"). Angeles hired

10   MSI as a steel subcontractor on a public works construction project for public-entity owner

11   Orange Unified School District, which project was and is referred to as the El Modena High

12   School Science Center Project (the "El Modena Project").

13        13.  On or about January 1, 2020, MSI secured a Subcontract Performance Bond (Bond

14   No. 39K000007) for the El Modera Project with Defendant Ohio Casualty, a true and correct

15   copy of which is attached hereto as **Exhibit "D"** and incorporated by this reference (the "El

16   Modena Performance Bond")

17        14.  Plaintiff is informed and believes and therefore alleges that during the El Modena

18   Project, that the District alleges MSI materially breached the El Modena Subcontract by, among

19   other things, failing to comply with the El Modena Project Plans and Specifications and

20   requirements of the Subcontract, performing defective work, and failing and refusing, without

21   justification, to repair its defective work. The District also alleges that MSI further breached the

22   El Modena Subcontract by delaying the El Modena Project's critical path and forcing Angeles to

23   incur, without limitation, additional General Conditions. Due to MSI's multiple breaches of the

24   Subcontract, Angeles was forced by the District to repair MSI's defective work and complete

25   MSI's remaining scope of work on an accelerated schedule.

26

27

28

Exhibit A
Page 5

## FIRST CAUSE OF ACTION

(Breach of Contract for the Villa Park Project against Defendants MSI and Does 1 through 20)

15.    Angeles restates and incorporates by reference each and every allegation contained in paragraphs 1 through 11, inclusive, of the Complaint as though set forth in full at this point.

16.    Angeles and Defendant MSI entered into the Villa Park Subcontract.

17.    Angeles fully performed pursuant to the terms and conditions of the Villa Park Subcontract except to the extent excused or prevented by MSI.

18.    MSI breached the Villa Park Subcontract as alleged herein. Angeles is informed and believes that MSI committed other breaches of the Villa Park Subcontract and will amend this Complaint to allege such additional breaches when they have been ascertained with specificity or will prove them at the time of trial.

19.    As a direct and legal result of MSI's breaches of the Villa Park Subcontract, Angeles has been damaged in the amount it cost Angeles to repair MSI's defective work and to complete MSI's scope of work. In addition, Angeles has been damaged due to the significant delays caused by MSI, and is thereby entitled to liquidated damages threatened by the District and actual damages.

20.    Based on MSI's breaches of the Villa Park Subcontract, there is now due, owing, and unpaid from MSI to Angeles a sum exceeding $4,429,276.79 to compensate Angeles for costs incurred to correct and complete the defective and incomplete work of MSI, and to compensate Angeles for the delays.

21.    Angeles is not certain of the final amount due, owing, and unpaid from MSI to Angeles. Angeles will amend its complaint when this amount is ascertained.

## SECOND CAUSE OF ACTION

(For Enforcement of Villa Park Performance Bond against Defendants MSI, Ohio Casualty, and Does 1 through 20)

22.    Angeles restates and incorporates by reference each and every allegation contained in paragraphs 1 through 18, inclusive, of the Complaint as though set forth in full at this point.

23. Angeles has demanded that Defendant Ohio Casualty reimburse Angeles for the monies Angeles expended to repair Defendant MSI's defective work,j to complete MSI's scope of work, and for delay damages per the terms of the Villa Park Performance Bond attached as **Exhibit B**.

24. Ohio Casualty has failed and refused, without justification, to pay Angeles.

25. Angeles now sues Ohio Casualty to enforce the terms of the Villa Park Performance Bond, for the amount it cost Angeles to repair MSI's defective work and to complete MSI's scope of work. In addition, Angeles seeks reimbursement for the delay damages caused by MSI.

## THIRD CAUSE OF ACTION

### (For Negligence against Defendant MSI at the Villa Park Project)

25. Angeles restates and incorporates by reference each and every allegation contained in paragraphs 1 through 22, inclusive, of the Complaint as though set forth in full at this point.

24. Angeles is informed and believes and thereon alleges that as a subcontractor on the Villa Park Project, Defendant MSI owed Angeles a duty of care to provide work that is performed safely and diligently, in compliance with the Villa Park Project plans and specifications, and in compliance with the requirements of the governing authority.

25. Angeles is informed and believes that MSI breached this duty when it performed unacceptable and/or defective work, and failed to perform the work as required by the Villa Park Project plans and specifications, and pursuant to the requirements of the governing authority.

26. As a direct and proximate result of these breaches, Angeles was damaged in that Angeles was forced to hire another subcontractor to repair or replace the defective work performed by MSI at Angeles' own expense, to prevent Angeles from being in breach of the contract between Angeles and the Orange Unified School District. In addition, Angeles has been damaged due to the delays caused by MSI's negligent work.

Exhibit A
Page 7

## **FOURTH CAUSE OF ACTION**

(Breach of Contract for the El Modena Project against Defendants MSI and Does 1 through 20)

27.     Angeles restates and incorporates by reference each and every allegation contained in paragraphs 1 through 26, inclusive, of the Complaint as though set forth in full at this point.

28.     Angeles and Defendant MSI entered into the El Modena Subcontract.

29.     Angeles fully performed pursuant to the terms and conditions of the El Modena Subcontract except to the extent excused or prevented by MSI.

30.     MSI breached the El Modena Subcontract as alleged herein. Angeles is informed and believes that MSI committed other breaches of the El Modena Subcontract and will amend this Complaint to allege such additional breaches when they have been ascertained with specificity or will prove them at the time of trial.

31.     As a direct and legal result of MSI's breaches of the El Modena Subcontract, Angeles has been damaged in the amount it cost Angeles to repair MSI's defective work and to complete MSI's scope of work. In addition, Angeles has been damaged due to the significant delays caused by MSI, and is thereby entitled to liquidated damages threatened by the District and actual damages.

32.     Based on MSI's breaches of the El Modena Subcontract, there is now due, owing, and unpaid from MSI to Angeles a sum exceeding $1,616,064.34 to compensate Angeles for costs incurred to correct and complete the defective and incomplete work of MSI, and to compensate Angeles for the delays.

33.     Angeles is not certain of the final amount due, owing, and unpaid from MSI to Angeles. Angeles will amend its complaint when this amount is ascertained.

Exhibit A
Page 8

**FIFTH CAUSE OF ACTION**

(For Enforcement of El Modena Performance Bond against Defendants MSI, Ohio Casualty, and Does 1 through 33)

34.    Angeles restates and incorporates by reference each and every allegation contained in paragraphs 1 through 18, inclusive, of the Complaint as though set forth in full at this point.

35.    Angeles has demanded that Defendant Ohio Casualty reimburse Angeles for the monies Angeles expended to repair Defendant MSI's defective work, to complete MSI's scope of work, and for delay damage, per the terms of the El Modena Performance Bond attached as **Exhibit D**.

36.    Ohio Casualty has failed and refused, without justification, to pay Angeles.

37.    Angeles now sues Ohio Casualty to enforce the terms of the El Modena Performance Bond, for the amount it cost Angeles to repair MSI's defective work and to complete MSI's scope of work. In addition, Angeles seeks reimbursement for the delay damages caused by MSI.

**SIXTH CAUSE OF ACTION**

(For Negligence against Defendant MSI at the El Modena Project)

38.    Angeles restates and incorporates by reference each and every allegation contained in paragraphs 1 through 22, inclusive, of the Complaint as though set forth in full at this point.

39.    Angeles is informed and believes and thereon alleges that as a subcontractor on the El Modena Project, Defendant MSI owed Angeles a duty of care to provide work that is performed safely and diligently, in compliance with the El Modena Project plans and specifications, and in compliance with the requirements of the governing authority.

40.    Angeles is informed and believes that MSI breached this duty when it performed unacceptable and/or defective work, and failed to perform the work as required by the El Modena Project plans and specifications, and pursuant to the requirements of the governing authority.

Exhibit A
Page 9

41.     As a direct and proximate result of these breaches, Angeles was damaged in that Angeles was forced to hire another subcontractor to repair or replace the defective work performed by MSI at Angeles' own expense, to prevent Angeles from being in breach of the contract between Angeles and the Orange Unified School District. In addition, Angeles has been damaged due to the delays caused by MSI's negligent work.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendants and each of them as follows:

1.  For entry of judgment against Defendants and each of them for monetary damages according to proof at the time of trial, but which is believed to exceed $4,429,276.79;

1.  For entry of judgment against Defendants and each of them for monetary damages according to proof at the time of trial, but which is believed to exceed $1,616,064,34;

2.  For an award of attorneys' fees;

3.  For reasonable costs of suit incurred herein;

4.  For interest at the legal rate; and

5.  For such other and further relief as the Court deems just and proper.

Dated: November 12, 2021                    **FELDMAN & ASSOCIATES, INC.**

By: _____
              Mark Feldman, Esq.
              Andrew Monge, Esq.
              Attorney for Plaintiff,
              **ANGELES CONTRACTOR, INC**

Exhibit A
Page 10

# EXHIBIT B

Exhibit B
Page 11

1 | **THE AGUILERA LAW GROUP, APLC**
Eric Aguilera (SBN 192390)
2 | eaguilera@aguileragroup.com
Lindsee Falcone (SBN 268072)
3 | lfalcone@aguileragroup.com
V. René Daley (SBN 199914)
4 | rdaley@aguileragroup.com
23046 Avenida De La Carlota, Suite 300
5 | Laguna Hills, CA 92653
T: 714-384-6600 / F: 714-384-6601
6 |
Attorneys for Plaintiff, THE TRAVELERS INDEMNITY COMPANY OF
7 | CONNECTICUT

8 |

9 | UNITED STATE DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

11 | THE TRAVELERS INDEMNITY | CASE NO.:
COMPANY OF CONNECTICUT, a
12 | Connecticut Corporation, | **THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT'S**
13 | Plaintiff, | **COMPLAINT FOR:**
      (1) DECLARATORY RELIEF-DUTY
14 | vs. | **TO DEFEND**
      (2) DECLARATORY RELIEF-DUTY
15 | MUHLHAUSER STEEL, INC., a | **TO INDEMNIFY**
California Corporation; ANGELES | **(3) EQUITABLE**
16 | CONTRACTOR, INC., a California | **REIMBURSEMENT**
Corporation, and DOES 1 through 10
17 | inclusive,
18 | Defendants.
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 | ///
28 |

Exhibit B
Page 12

1

**TRAVELERS' COMPLAINT**

Case 8:24-cv-01913-CV-ADS    Document 29-2    Filed 01/22/25    Page 16 of 28    Page
ID #:259
Case 8:24-cv-01913    Document 1    Filed 09/03/24    Page 2 of 14    Page ID #:2

1  Comes now Plaintiff THE TRAVELERS INDEMNITY COMPANY OF
2  CONNECTICUT and pleads the following allegations on information and belief in support
3  of its complaint herein:

### JURISDICTION

5  1.    Plaintiff THE TRAVELERS INDEMNITY COMPANY OF
6  CONNECTICUT ("TRAVELERS") is now, and at all relevant times was, a corporation,
7  existing under the laws of the State of Connecticut, with its principal place of business in
8  Connecticut.  TRAVELERS is, and at all relevant times was, an insurance carrier eligible
9  to do business as an insurer in the State of California.

10  2.    TRAVELERS is informed and believes and thereon alleges that Defendant
11  MUHLHAUSER STEEL, INC, ("MUHLHAUSER") is a corporation existing under the
12  laws of the State of California, with its principal place of business in Murrieta, California.
13  TRAVELERS is informed and believes and thereon alleges that MUHLHAUSER is, and
14  at all relevant times was, doing business as a contractor in California.

15  3.    TRAVELERS is informed and believes and thereon alleges that Defendant
16  ANGELES CONTRACTOR, INC. ("ANGELES") is a corporation existing under the laws
17  of the State of California, with its principal place of business in City of Industry, California.
18  TRAVELERS is informed and believes and thereon alleges that ANGELES is, and at all
19  relevant times was, doing business as a general contractor in California.

20  4.    Defendants sued herein as DOES 1 through 10, inclusive, are sued herein by
21  such fictitious names because TRAVELERS is unaware of the true names and capacities
22  of said DOE Defendants.  TRAVELERS will amend this Complaint to reflect the true
23  names when the same are ascertained.  TRAVELERS is informed and believes and thereon
24  alleges that said DOE Defendants are responsible for the acts, events, and circumstances
25  alleged herein, or are interested parties to this action.

26  5.    This Court has original jurisdiction under 28 U.S.C. § 1332 in that this is a
27  civil action between citizens of different states in which the matter in controversy exceeds,
28  exclusive of costs and interests, two-hundred and fifty thousand dollars ($250,000).

**TRAVELERS' COMPLAINT**

1    6.    This Court has diversity jurisdiction as TRAVELERS is domiciled in

2    ~~Connecticut and the Defendants are domiciled in California.~~

3    **VENUE**

4    7.    Plaintiff TRAVELERS is informed and believes and thereon alleges that the

5    acts and/or omissions at issue in this litigation took place in this judicial district within the

6    ~~State of California and the Underlying Action is pending in this judicial district.~~  Venue,

7    therefore, lies with this Court.

8    **GENERAL ALLEGATIONS**

9    **A.    The Relevant Insurance Policies**

10    8.    TRAVELERS issued consecutive written commercial general liability

11    policies to MUHLHAUSER numbered 630-3J324125-TCT and effective 4/22/2019 to

12    4/22/2021 ("Policies").

13    9.    Under the terms of the Policies, TRAVELERS has an obligation to pay those

14    sums that an insured becomes legally obligated to pay as damages because of "property

15    damage" caused by an "occurrence" during the policy period, subject to various limitations

16    and exclusions in the policies.

17    10.    The terms, limitations, and exclusions of the Policies are set forth, in part, in

18    Commercial General Liability Form CG 00 01 10 03, provides in part as follows:

19    **SECTION I – COVERAGES**

20    **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE**

21    **LIABILITY**

22    **1.    Insuring Agreement.**

23    a.    We will pay those sums that the insured becomes legally obligated to

24        pay as damages because of "bodily injury" or "property damage" to

25        which this insurance applies.  We will have the right and duty to defend

26        the insured against any "suit" seeking those damages.  However, we

27        will have no duty to defend the insured against any "suit" seeking

28        damages for "bodily injury" or "property damage" to which this

Case 8:24-cv-01913-CV-ADS    Document 29-2    Filed 01/22/25    Page 18 of 28    Page
ID #:261
Case 8:24-cv-01913    Document 1    Filed 09/03/24    Page 4 of 14    Page ID #:4

1      insurance does not apply.

2      b.    This insurance applies to "bodily injury" and "property damage" only if:

3      (1)    The "bodily injury" or "property damage" is caused by an

4      "occurrence" that takes place in the "coverage territory";

5      * * *

**2. Exclusions.**

7      This insurance does not apply to:

8      * * *

**b. Contractual Lability**

"Bodily injury" or "property damage" for which the insured is obligated to
pay damages by reason of the assumption of liability in a contract or
agreement.  This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or
agreement; or

(2) Assumed by you in a contract or agreement that is an "insured
contract", provided that the "bodily injury" or "property damage"
occurs subsequent to the execution of the contract or agreement.  Solely
for the purposes of liability assumed by you in an "insured contract,"
reasonable attorney fees and necessary litigation expenses incurred by
or for a party other than an insured will be deemed to be damages
because of "bodily injury" or "property damage", provided that:

(a) Liability to such party for, or for the cost of, that party's defense has
also been assumed in the same "insured contract"; and

(b) Such attorney fees and litigation expenses are for defense of that
party against a civil or alternative dispute resolution proceeding in
which damages to which this insurance applies are alleged.

* * *

**j. Damage To Property**

Exhibit B
Page 15

4

TRAVELERS' COMPLAINT

1    "Property damage" to:

2                                                    * * *

3        (5) That particular part of real property on which you or any contractors

4            or subcontractors working directly or indirectly on your behalf are

5            performing operations, if the "property damage" arises out of those

6            operations; or

7        (6) That particular part of any property that must be restored, repaired or

8            replaced because "your work" was incorrectly performed on it.

9                                                    * * *

10       Paragraph (6) of this exclusion does not apply to "property damage"

11       included in the "product-completed operations hazard".

12                                                   * * *

13   **k. Damage To Your Product**

14   "Property damage" to "your product" arising out of it or any part of it.

15   **l. Damage To Your Work**

16   "Property damage" to "your work" arising out of it or any part of it and

17   included in the "products-completed operations hazard."

18   This exclusion does not apply if the damaged work or the work out of which

19   the damage arises was performed on your behalf by a subcontractor.

20   **m. Damage to Impaired Property or Property Not Physically Injured**

21   "Property damage" to "impaired property" or property that has not been

22   physically injured arising out of:

23       (1) A defect, deficiency, inadequacy or dangerous condition in "your

24           product" or "your work"; or

25       (2) A delay or failure by you or anyone acting on your behalf to perform

26           a contract or agreement in accordance with its terms…

27                                                                        Exhibit B

28                  ***                                                    Page 16

                                          5

                          **TRAVELERS' COMPLAINT**

1
2

**SECTION V– DEFINITIONS**

\* \* \*

3    12. "Impaired property" means tangible property, other than "your product"

4    or "your work," that cannot be used or is less useful because:

5         a.  It incorporates "your product" or "your work" that is known or thought

6             to be defective, deficient, inadequate or dangerous; or

7         b.  You have failed to fulfill the terms of a contract or agreement;

8    If such property can be restored to use by the repair, replacement,

9    adjustment or removal of "your product" or "your work" or your fulfilling

10   the terms of the contract or agreement.

11   13. "Insured contract" means:

12                                        \* \* \*

13        f.  That part of any other contract or agreement pertaining to your business

14            (including an indemnification of a municipality in connection with

15            work performed for a municipality) under which you assume the tort

16            liability of another party to pay for "bodily injury" "property damage"

17            or "personal injury" to a third person or organization.  Tort liability

18            means a liability that would be imposed by law in the absence of any

19            contract or agreement.

20                                        \*\*\*

21   17. "Occurrence" means:

22        a. an accident, including continuous or repeated exposure to substantially the

23        same general harmful conditions…

24                                        \* \* \*

25   22. "Products-completed operations hazard":

26        a. Includes all "bodily injury" and "property damage" occurring away from

27            premises you own or rent and arising out of "your product" or "your

28            work" except:

Exhibit B
Page 17

**TRAVELERS' COMPLAINT**

(1) Products that are still in your physical possession; or

(2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

    (a) When all of the work called for in your contract has been completed.

    (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

    (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project…

23. "Property damage" means:

    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use will be deemed to occur at the time of the physical injury that caused it; or

    b. Loss of use of tangible property that is not physically injured. All such loss of use will be deemed to occur at the time of the "occurrence" that caused it.

***

30. "Your product":

    a. Means:

        (1) Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

            (a) You;

…

        (2) Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

    b. Includes:

Exhibit B
Page 18

(1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

(2) The providing of or failure to provide warnings or instructions.

31. "Your work":

    a.  Means:

        (1) Work or operations performed by you or on your behalf; and

        (2) Materials, parts or equipment furnished in connection with such work or operations.

    b. Includes:

        (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

        (2) The providing of or failure to provide warnings or instructions.

11.    The Policies further contain endorsement CG D2 03 12 97, which provides as follows:

**AMENDMENT-NON CUMULATION OF EACH OCCURRENCE LIMIT OF LIABILITY**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

1. Paragraph 5 of SECTION III - LIMITS OF INSURANCE, is amended to include the following:

Non cumulation of Each Occurrence Limit - If one "occurrence" causes "bodily injury" and/or "property damage" during the policy period and during the policy period of one or more prior and/or future policies that include a commercial general liability coverage part for the insured issued by us or any affiliated insurance company, the amount we will

pay is limited. The policies' Each Occurrence Limit will be reduced by the amount of each payment made by us and any affiliated insurance company under the other policies because of such "occurrence".

**C.    The Underlying Litigation**

12.    The Underlying Action arises out of construction of the Villa Park High School Science Center and the El Modena High School Science Center (the "Projects").

13.    TRAVELERS is informed and believes and based thereon alleges that MUHLHAUSER was contracted to provide structural steel framing, architectural exposed structural steel, miscellaneous metals, metal fabrications and decorative metals at the Project.

14.    On July 23, 2021, ANGELES filed a complaint against MUHLHAUSER and others in Orange County Superior Court, Case No. 30-2021-01211990, entitled *Angeles Contractor, Inc. v. Muhlhauser Steel, Inc., et al.* (the "Underlying Action").

15.    TRAVELERS is informed and believes and based thereon alleges that ANGELES alleges that: "Plaintiff is informed and believes and therefore alleges that during the Project, MSI materially breached the Subcontract by, among other things, failing to comply with the Project Plans and Specifications and requirements of the Subcontract, performing defective work, and failing and refusing, without justification, to repair its defective work. MSI further breached the Subcontract by delaying the Project's critical path and forcing Angeles to incur, without limitation, additional General Conditions. Due to MSI's multiple breaches of the Subcontract, Angeles was forced to repair MSI's defective work and complete MSI's remaining scope of work on an accelerated schedule."

16.    TRAVELERS is informed and believes and based thereon alleges that ANGELES' complaint in the Underlying Action alleges causes of action against MUHLHAUSER for breach of contract, enforcement of performance bond and negligence.

17.    TRAVELERS is informed and believes that ANGELES confirms in its complaint that MUHLHAUSER "performed unacceptable and/or defective work, and failed to perform the work as required by the Project plans and specifications, and pursuant

to the requirements of the governing authority" and that as a result, ANGELES alleges it
was damaged "in that Angeles was forced to hire another subcontractor to repair or replace
the defective work performed by MSI at Angeles' own expense, to prevent from being in
breach of the contract between Angeles and the Orange Unified School District. In
addition, Angeles has been damaged due to the delays caused by MSI's negligent work."

18. TRAVELERS is further informed and believes that the allegations of
ANGELES against MUHLHAUSER are limited exclusively to claims that
MUHLHAUSER'S work was not performed to specifications and experienced delays.

**D.   MUHLHAUSER'S Tender**

19. Defendant MUHLHAUSER tendered its defense and indemnity of
ANGELES' complaint to TRAVELERS for the respective claims being alleged against it
in the Underlying Action.

20. On or about July 23, 2021, TRAVELERS agreed to defend MUHLHAUSER
against the Underlying Action subject to a reservation of rights. TRAVELERS specifically
reserved the right to issue a partial or complete declination of coverage and withdraw from
its participation in the defense should it determine that coverage does not apply to some or
all of the asserted claims. TRAVELERS further reserved the right to seek reimbursement
of any defense related payments with respect to claims not potentially covered by the
policy.

21. Defendants and TRAVELERS disagree regarding whether coverage exists
for the Underlying Action under the Policies. Without a declaration ruling upon this
coverage issue, the parties remain at an impasse with regards to any attempts to resolve the
Underlying Action.

**FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF – DUTY TO
DEFEND**

**(By TRAVELERS Against MUHLHAUSER and DOES 1-10)**

22. TRAVELERS hereby re-alleges and incorporates by reference each of the
allegations contained in all preceding paragraphs of this Complaint as though fully set forth

10

TRAVELERS' COMPLAINT

Exhibit B
Page 21

1   herein.

2        23.    An actual, present and justiciable controversy has arisen and now exists

3 between TRAVELERS on the one hand and MUHLHAUSER on the other, concerning the

4 respective rights, duties and obligations of TRAVELERS, if any, to pay for the defense of

5 MUHLHAUSER against the allegations made in the Underlying Action under the Policies.

6        27    In particular, TRAVELERS contends and MUHLHAUSER denies the

7 following:

8           a.   TRAVELERS has no obligation to defend MUHLHAUSER in the

9             Underlying Action with regard to alleged damages other than covered

10             "property damage" caused by an "occurrence."

11           b.   No covered "property damage" caused by an "occurrence" has been

12             alleged in the Underlying Action.

13           c.   There is no coverage available to MUHLHAUSER for the Underlying

14             Action, and TRAVELERS is under no duty under the Policies to defend

15             MUHLHAUSER with regard to the Underlying Action.

16        28.    TRAVELERS is informed and believes that MUHLHAUSER disputes these

17 contentions and contends that the Policies require TRAVELERS to provide a defense to

18 MUHLHAUSER in the Underlying Action.

19        29.    By reason of the foregoing, a declaratory judgment is both proper and

20 necessary, so that the respective rights, duties, and obligations as between TRAVELERS

21 and MUHLHAUSER may be determined under the provisions of the applicable Policies.

22     **SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF- DUTY TO**

23                               **INDEMNIFY**

24            **(By Plaintiff TRAVELERS Against All Defendants)**

25        30.    Plaintiff incorporates by reference all allegations of the foregoing paragraphs

26 as if fully set forth herein.

27        31.    An actual, present and justiciable controversy has arisen and now exists

28 between TRAVELERS on the one hand and Defendants on the other, concerning the

Exhibit B

**TRAVELERS' COMPLAINT**

Page 22

Case 8:24-cv-01913-CV-ADS    Document 29-2    Filed 01/22/25    Page 26 of 28    Page
                                              ID #:269
Case 8:24-cv-01913    Document 1    Filed 09/03/24    Page 12 of 14    Page ID #:12

respective rights, duties and obligations of TRAVELERS, if any, to pay for indemnity of MUHLHAUSER against the damages sought in the Underlying Action under the Policies.

32.    In particular, TRAVELERS contends and Defendants deny the following:

a. TRAVELERS has no obligation to indemnify MUHLHAUSER in the Underlying Action with regard to alleged damages other than covered "property damage" caused by an "occurrence."

b. No covered "property damage" caused by an "occurrence" has been alleged in the Underlying Action.

c. There is no coverage available under the Policies to MUHLHAUSER for the Underlying Action, and TRAVELERS is under no duty to indemnify MUHLHAUSER or pay any judgment awarded to ANGELES with regard to the Underlying Action.

d. Even if there was coverage under the Policies, it would be limited by the non-cumulation endorsement to a single occurrence limit.

33.    TRAVELERS is informed and believes that Defendants dispute these contentions and contend that the Policies require TRAVELERS to indemnify MUHLHAUSER in the Underlying Action.

34.    By reason of the foregoing, a declaratory judgment is both proper and necessary, so that the respective rights, duties, and obligations as between TRAVELERS, MUHLHAUSER, and ANGELES may be determined under the provisions of the applicable Policies.

**THIRD CAUSE OF ACTION FOR REIMBURSEMENT**

**(By Plaintiff TRAVELERS Against Defendant MUHLHAUSER, DOES 1-10)**

35.    TRAVELERS hereby re-alleges and incorporates by reference each allegation contained in all preceding paragraphs of this Complaint as though fully set forth herein.

36.    TRAVELERS has paid certain defense fees and defense costs incurred by MUHLHAUSER in connection with the defense of MUHLHAUSER in the Underlying Action. TRAVELERS did not pay these sums as a volunteer. When TRAVELERS agreed

1   to participate in the defense of MUHLHAUSER, it specifically reserved its rights to seek
2   reimbursement from MUHLHAUSER of any defense related payments that TRAVELERS
3   may make that are not potentially covered under the applicable policies.

4       37.    The Policies require that TRAVELERS defend only those claims that are
5   potentially covered under the Policies.  To the extent that TRAVELERS has paid or will
6   pay fees, or costs incurred by or on behalf of MUHLHAUSER in connection with the
7   Underlying Action, which fees or costs are not potentially covered under the Policies,
8   MUHLHAUSER will have been unjustly enriched by such payments.

9       38.    As a result of MUHLHAUSER's unjust enrichment, a quasi-contractual right
10  of reimbursement has arisen in favor of TRAVELERS in the amount paid for the defense
11  of claims not potentially covered under the Policies, plus interest.  The precise amount of
12  reimbursement that is appropriate will be subject to proof at trial.

13
14  **PRAYER FOR RELIEF**

15  TRAVELERS respectfully prays for judgment, as follows:
16      1.    Under the First Cause of Action, a judicial declaration that TRAVELERS has
17  no obligation under the Policies to defend Defendant MUHLHAUSER in the Underlying
18  Action.

19      2.    Under the Second Cause of Action, a judicial declaration that TRAVELERS
20  has no obligation under the Policies to indemnify Defendant MUHLHAUSER as against
    damages sought or awarded in the Underlying Action.

21      3.    Under the Second Cause of Action, a judicial declaration that even if
22  TRAVELERS owed an indemnity obligation to MUHLHAUSER as against the damages
23  sought or awarded in the Underlying Action, said obligation would be limited to a single
24  occurrence limit under the Policies.

25      4.    Under the Third Cause of Action, that Defendant MUHLHAUSER be ordered
26  to reimburse TRAVELERS for all amounts TRAVELERS has paid for the defense of
27  MUHLHAUSER in the Underlying Action.

28      5.    For prejudgment interest;

Exhibit B
Page 24

13

TRAVELERS' COMPLAINT

6.    For costs of suit herein;

7.    For such other and further relief as this Court deems just and proper.

DATED:  September 3, 2024         THE AGUILERA LAW GROUP, APLC

A. Eric Aguilera
Lindsee Falcone
V. René Daley
Counsel of record for plaintiff
The Travelers Indemnity Company of
Connecticut

Exhibit B
Page 25

14

**TRAVELERS' COMPLAINT**