**THE AGUILERA LAW GROUP, APLC**
Eric Aguilera (SBN 192390)
eaguilera@aguileragroup.com
Lindsee Falcone (SBN 268072)
lfalcone@aguileragroup.com
V. René Daley (SBN 199914)
rdaley@aguileragroup.com
23046 Avenida De La Carlota, Suite 300
Laguna Hills, CA 92653
T: 714-384-6600 / F: 714-384-6601

Attorneys for Plaintiff,
THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, a Connecticut Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MUHLHAUSER STEEL, INC., a California Corporation; ANGELES CONTRACTOR, INC., a California Corporation, and DOES 1 through 10 inclusive,<br><br>Defendants. | CASE NO.:  8:24-cv-01913-CV-ADS<br><br>**THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT'S OPPOSITION TO MUHLHAUSER STEEL, INC.'S MOTION TO STAY**<br><br>Date:  February 27, 2025<br>Time: 10:00 a.m.<br>Place: 6D, 6th Floor |

Plaintiff The Travelers Indemnity Company Of Connecticut ("Travelers") hereby opposes the Motion to Stay filed by Muhlhauser Steel, Inc. ("Muhlhauser") as follows:

1

**TRAVELERS' OPPOSITION TO MUHLHAUSER'S MOTION TO STAY**

# TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................... 5

II.     TRAVELERS' COMPLAINT ......................................................................... 6

III.    A STAY IS INAPPROPRIATE UNDER THE PROPER DOCTRINE,
        *COLORADO RIVER*, OR UNDER *lANDIS* .................................................... 8

        A.      A Stay Pursuant to *Landis* is Inappropriate Because There Are
                Concurrent, Related State and Federal Actions ............................ 8

        B.      A Stay Pursuant to *Colorado River* is Inappropriate Because this
                Action Does Not Sufficiently Parallel the State Action and the State
                Action Will Not Resolve the Issues of this Action ...................... 9

        C.      Even If *Landis* Was An Appropriate Standard, The Motion To Stay
                Would Still Fail ......................................................................... 11

IV.     THE COURT SHOULD ALSO REJECT A STAY UNDER *MONTROSE*
        BECAUSE MUHLHAUSER DID NOT AND CANNOT IDENTIFY ANY
        PREREQUISITE OVERLAPPING DISPUTED FACTUAL ISSUES ............... 16

        A.      Under California Law, Coverage Actions May Proceed Concurrently
                With Underlying Litigation Unless Both Actions Involve Identical
                Disputed Factual Issues ............................................................ 17

        B.      Muhlhauser Has Not Made any Showing this Action and the Underlying
                Action Involve Identical Disputed Issues ................................... 17

        C.      Muhlhauser Has Failed To Show That A Stay Should Be Entered Because
                Muhlhauser Would Not Be Prejudiced By Proceeding With The Prompt
                Adjudication Of The Claims In This Action And Travelers Would Be
                Prejudiced By Unending Delay .................................................. 19

V.      ACI'S JOINDER PROVIDES NO ADDITIONAL BASIS FOR STAYING
        THIS ACTION ............................................................................................ 21

VI.     CONCLUSION ............................................................................................ 22

CERTIFICATE OF COMPLIANCE .......................................................................... 23

**TABLE OF CONTENTS**

# TABLE OF AUTHORITIES

**Cases**

*Armstrong World Indus., Inc. v. Aetna Cas. & Sur. Co.*
  45 Cal.App.4th 1 (1996) ..................................................................................... 12, 14

*Clinton v. Jones*
  520 U.S. 681 (1997).................................................................................................. 11

*CMAX, Inc. v. Hall*
  300 F.2d 265 (9th Cir. 1962) .................................................................................... 11

*Colorado River Water Conser. Dist. v. United States*
  424 U.S. 800 (1976)................................................................. 3, 5, 8, 9, 10, 11

*Continental Cas. Co. v. Phoenix Const. Co.*
  46 Cal.2d 423 (1956) ................................................................................................ 14

*Dependable Highway Exp., Inc. v. Navigators Ins. Co.*
  498 F.3d 1059 (9th Cir. 2007) .......................................................................... 12, 21

*Ernest Bock, LLC v. Steelman*
  76 F.4th 827 (9th Cir. 2023) ...................................................................................... 9

*GGIS Ins. Services, Inc. v. Superior Court*
  168 Cal. App. 4th 1493, 86 Cal. Rptr. 3d 515 (2008) ...................................... 17

*Great Am. Ins. Co. v. Superior Ct.*
  178 Cal. App. 4th 221; 100 Cal. Rptr. 3d 258 (2009). ................................. 14, 19

*Hartbrodt v. Burck*
  42 Cal. App. 4th 168; 49 Cal. Rptr. 2d 562 (1996) ......................................... 19

*Hurvitz v. St. Paul Fire & Marine Ins. Co.*
  (2003) 109 Cal.App.4th 918 .................................................................................... 15

*Landis v. N. Am. Co.*
  299 U.S. 248 (1936)................................................................. 3, 5, 8, 9, 11, 13, 16

*Levya v. Certified Grocers of California, Ltd.*
  593 F.2d 857 (9th Cir. 1979) .......................................................................... 12, 21

**TABLE OF AUTHORITIES**

*Lockyer v. Mirant Co.*
   398 F.3d 1098 (9th Cir. 2005) ...............................................................11, 14

*Maryland Cas. Co. v. Nationwide Mut. Ins. Co.*
   81 Cal.App.4th 1082 (2000) .............................................................................15

*Montrose Chem. Corp. v. Superior Court*
   6 Cal. 4th 28 (1993) .........................................................................15, 16, 18

*Ohio Sec. Ins. Co. v. G & G Risk Mgmt. Consultants, Inc.*
   2021 WL 1253796, at *5 (N.D. Cal. Apr. 5, 2021)........................................14

*Ringler Associates, Inc. v. Maryland Cas. Co.*
   80 Cal. App. 4th 1165; 96 Cal.Rptr.2d 136 (2000) ...................................17, 20

*R.R. St. & Co. Inc. v. Transp. Ins. Co.*
   656 F.3d 966 (9th Cir. 2011) ..........................................................................10, 11

*Scotts Co. LLC v. Seeds, Inc.*
   688 F.3d 1154 (9th Cir. 2012) ..........................................................................8

*Seneca Ins. Co., Inc. v. Strange Land, Inc.*
   862 F.3d 835 (9th Cir. 2017) ............................................................................8

*Smith v. Central Ariz. Water Conservation Dist.,*
   418 F.3d 1028 (2005)........................................................................................10

*State Farm Gen'l Ins. Co. v. Mintarsih*
   175 Cal.App.4th 274 (2009) .............................................................................15

*Travelers Cas. & Sur. Co. v. Jokake Constr. Servs., Inc.*
   2024 WL 944230, at *5 (C.D. Cal. 2024) .........................................................9

*United States v. State Water Res. Control Bd.*
   988 F.3d 1194 (9th Cir. 2021) ..........................................................................10

*Yong v. I.N.S.,*
   208 F.3d 1116 (9th Cir. 2000) ..........................................................................12, 21

**TABLE OF AUTHORITIES**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Muhlhauser opens its motion to stay with the claim that Travelers provided Muhlhauser insurance for "acts or omissions arising out of the running of its business." Indeed, this statement evidences exactly the reason we are all here – and a critical reason why no stay of this action is needed. In reality, Travelers issued a commercial general liability policy to Muhlhauser in which it agreed to defend and indemnify Muhlhauser against claims for covered property damage or bodily injury arising from Muhlhauser's work. For example, should Muhlhauser complete work on a project but after its work is completed, its defective work causes water to intrude into the property and damage the rest of the project, it would likely be covered as "property damage."  But Muhlhauser's failure to complete its work on time or failure to follow the plans is not "property damage" and thus cannot be covered under the policies. This distinction is a far cry from coverage for all of Muhlhauser's 'acts or omissions arising out of the running of its business.' But it is a distinction that is analyzed simply by reference to the terms of the policy and comparing those terms to the allegations of ACI's complaint. Nothing more is required. And because nothing more is required, there is absolutely no basis for staying the action.

Ignoring this required surface level of review, Muhlhauser now seeks a stay that is entirely unwarranted. First, the authority upon which Muhlhauser relies, *Landis v. N. Am. Co.*, 299 U.S. 248, 254 ("*Landis*"), does not apply in cases like this one involving concurrent state and federal actions. Instead, the Ninth Circuit has unequivocally held that *Colorado River Water Conser. Dist. v. United States, 424 U.S. 800 (1976)* is the proper standard. But *Colorado River* cannot support a stay here, as the Underlying Action indisputably will not dispose of the entirety of the issues in this coverage action.

Moreover, even under Muhlhauser's proposed standards of *Landis* or California state law – neither of which are the appropriate standard – this case still should not be stayed. Comparing the allegations of ACI's complaint to the express terms of Travelers' policies requires no litigation of any issues that will be decided in the Underlying Action.

**TRAVELERS' OPPOSITION TO MUHLHAUSER'S MOTION TO STAY**

Nor does it require Muhlhauser to take inconsistent positions or litigate against its own interests in the Underlying Action. This is because the actual merits of ACI's claims in the Underlying Action have no bearing on Travelers' complaint – it is the allegations that matter.  Since Muhlhauser's concerns would only come to fruition if it had to prove the merits of ACI's claims and those merits are not at issue here, there is no prejudice to Muhlhauser justifying any stay of this action.

For these reasons, as discussed in greater detail below, this Court should deny Muhlhauser's request for a stay of the instant action.

## II.    TRAVELERS' COMPLAINT

As Travelers' complaint explicitly states, it arises from the underlying action entitled *Angeles Contractor, Inc. v. Muhlhauser Steel, Inc., et al.,* Orange County Superior Court, Case No. 30-2021-01211990 (the "Underlying Action"). [Dkt. no. 1 at ¶ 14.] Travelers alleges that the action arises out of two projects: the Villa Park High School Science Center and the El Modena High School Science Center. [Dkt. no. 1 at ¶ 12.]

Travelers then alleges the allegations by ACI against Muhlhauser in the Underlying Action. Travelers alleges that:

> 15. TRAVELERS is informed and believes and based thereon alleges that ANGELES alleges that: "Plaintiff is informed and believes and therefore alleges that during the Project, MSI materially breached the Subcontract by, among other things, failing to comply with the Project Plans and Specifications and requirements of the Subcontract, performing defective work, and failing and refusing, without justification, to repair its defective work. MSI further breached the Subcontract by delaying the Project's critical path and forcing Angeles to incur, without limitation, additional General Conditions. Due to MSI's multiple breaches of the Subcontract, Angeles was forced to repair MSI' s defective work and complete MSI' s remaining scope of work on an accelerated schedule." [Dkt. no. 1 at ¶ 15.]

and

> 17. TRAVELERS is informed and believes that ANGELES confirms in its complaint that MUHLHAUSER "performed unacceptable and/or defective work, and failed to perform the

**TRAVELERS' OPPOSITION TO MUHLHAUSER'S MOTION TO STAY**

work as required by the Project plans and specifications, and pursuant to the requirements of the governing authority" and that as a result, ANGELES alleges it was damaged "in that Angeles was forced to hire another subcontractor to repair or replace the defective work performed by MSI at Angeles' own expense, to prevent from being in breach of the contract between Angeles and the Orange Unified School District. In addition, Angeles has been damaged due to the delays caused by MSI's negligent work." [Dkt. no. 1 at ¶ 17.]

Travelers also alleges "that the allegations of Angeles against Muhlhauser are limited exclusively to claims that Muhlhauser's work was not performed to specification and experienced delays." [Dkt. no. 1 at ¶ 18.]

Travelers further alleges its relevant policy provisions, [Dkt. no. 1 at ¶ 8-11]. These include that Travelers will pay those sums that an insured becomes legally obligated to pay as damages because of "property damage" caused by an "occurrence" during the policy period, subject to various limitations and exclusions in the policies.

Travelers also alleges the following definitions in the policies:

23. "Property damage" means:

    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use will be deemed to occur at the time of the physical injury that caused it; or

    b. Loss of use of tangible property that is not physically injured. All such loss of use will be deemed to occur at the time of the "occurrence" that caused it.

…

31. "Your work":

    a.  Means:

        (1) Work or operations performed by you or on your behalf; and

        (2) Materials, parts or equipment furnished in connection with such work or operations.

**TRAVELERS' OPPOSITION TO MUHLHAUSER'S MOTION TO STAY**

b. Includes:

(1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

(2) The providing of or failure to provide warnings or instructions.

[Dkt. no. 1 at ¶10.] And Travelers alleged various applicable exclusions, including, *inter alia*, exclusions for damage to Muhlhauser's own work as well as exclusions for damage to any property that must be restored, repaired or replaced because Muhlhauser's work was incorrectly performed on it.  [Dkt. no. 1 at ¶10.]

Based on its policy provisions and the allegations of the complaint in the Underlying Action, Travelers then alleges the resulting disagreement between the parties regarding whether coverage exists. [Dkt. no. 1 at ¶ 21, 27, 32.]  Specifically, Travelers alleges that "No covered "property damage" caused by an "occurrence" **has been alleged** in the Underlying Action." [Dkt. no. 1 at ¶ 27, 32, emphasis added.] Travelers then alleges three causes of action: declaratory relief regarding its obligation to defend against the Underlying Action, declaratory relief regarding its obligation to indemnify against any damages awarded in the Underlying Action, and reimbursement. [Dkt. no. 1 at ¶ 22-38.]

## III.   A STAY IS INAPPROPRIATE UNDER THE PROPER DOCTRINE, *COLORADO RIVER*, OR UNDER *LANDIS*

### A.   A Stay Pursuant to *Landis* is Inappropriate Because There Are Concurrent, Related State and Federal Actions

The Ninth Circuit recently held that in cases involving concurrent state and federal actions, district courts **should not use** *Landis* to determine whether to stay the federal action:

"[B]ecause this case involves simultaneous and related federal and state actions, the proper analysis is under *Colorado River*, not *Landis*." We have held that "[a] district court may, in its discretion, stay or dismiss a federal case in favor of related state proceedings" in only two circumstances: "(1) when an action seeks only declaratory relief, or (2) when exceptional circumstances exist [under *Colorado River*]." *Scotts Co. LLC v. Seeds, Inc*., 688 F.3d 1154, 1158 (9th Cir. 2012) (internal citations omitted)….

TRAVELERS' OPPOSITION TO MUHLHAUSER'S MOTION TO STAY

Following this principle, we join other circuits to expressly hold that the *Colorado River* factors control whether a stay can issue in favor of parallel state proceedings. [Citations]

*Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842–43 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 554, 217 L. Ed. 2d 295 (2024); *Travelers Cas. & Sur. Co. v. Jokake Constr. Servs., Inc.*, 2024 WL 944230, at *5 (C.D. Cal. 2024) (holding that *Landis* cannot support a stay of the coverage action through conclusion of the underlying action because, citing *Steelman*, "the Ninth Circuit has held unequivocally that *Landis* is not an alternative ground for a stay here").

As acknowledged in Muhlhauser's motion, Travelers is seeking a determination in this federal coverage action that it owes no duty to defend Muhlhauser against the Underlying Action which is an ongoing, related state action. This is the exact type of situation – concurrent, related state and federal actions – that the Ninth Circuit held should not be stayed pursuant to *Landis* and instead must be considered under *Colorado River*. *Steelman*, *supra*, 76 F.4th at 842–43. But Muhlhauser's request to stay this federal action is expressly based on *Landis*. (See, ECF No. 29-1 at p. 12:26-13:3.) The request is thus inappropriate and this Court should deny the motion to stay on this basis alone. Moreover, as detailed below, under the proper doctrine, *Colorado River*, a stay should be denied.

**B.    A Stay Pursuant to *Colorado River* is Inappropriate Because this Action Does Not Sufficiently Parallel the State Action and the State Action Will Not Resolve the Issues of this Action**

The Ninth Circuit's *Steelman* opinion states that the appropriate framework for determining whether a stay is appropriate when there are concurrent, related state and federal actions is the *Colorado River* framework. *Steelman*, 76 F.4th at 842–43. Although the *Colorado River* framework is not analyzed in Muhlhauser's Motion to Stay, Travelers does so here to forestall any argument a stay is appropriate under *Colorado River* given that it is the correct analysis.

Preliminarily, abstention is the exception under the *Colorado River* framework: Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colo. River*, 424 U.S. at 813, 96 S.Ct. 1236…. The Supreme Court has

9

**TRAVELERS' OPPOSITION TO MUHLHAUSER'S MOTION TO STAY**

emphasized that the federal courts have a 'virtually unflagging obligation ... to exercise the jurisdiction given them,' including in cases involving parallel state litigation. *Id.*

*Seneca Ins. Co., Inc. v. Strange Land, Inc.*, 862 F.3d 835, 841 (9th Cir. 2017), quoting *Colorado River*, 424 U.S. 800 (1976). As a result, "'only the clearest of justifications will warrant' a stay, and the circumstances justifying a stay are 'exceedingly rare.'" *Steelman*, at 836, *citing Smith v. Central Ariz. Water Conservation Dist.*, 418 F.3d 1028, 1033 (2005). More substantively, the Supreme Court's *Colorado River* framework involves consideration of eight factors:

> [W]e have recognized eight factors for assessing the appropriateness of a *Colorado River* stay or dismissal: (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court. *Holder*, 305 F.3d at 870.

*R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978–79 (9th Cir. 2011). Although the *Colorado River* framework includes eight factors, the Ninth Circuit has held that parallel actions that will resolve the issues of the federal litigation are required and the absence thereof renders a stay inappropriate:

> We require a *parallel* suit to ensure 'comprehensive disposition of litigation.' [Citation] Otherwise, a stay or dismissal will neither conserve judicial resources nor prevent duplicative litigation.

*R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978 (9th Cir. 2011) (emphasis added); *see also United States v. State Water Res. Control Bd.*, 988 F.3d 1194, 1204 (9th Cir. 2021) (the Ninth Circuit has "repeatedly emphasized that a *Colorado River* stay is inappropriate when the state court proceedings will not resolve the entire case before the federal court").

In order for the state and federal actions to be considered parallel, courts consider "whether the state court proceedings can adequately protect the rights of the federal

**TRAVELERS' OPPOSITION TO MUHLHAUSER'S MOTION TO STAY**

litigants [and] whether the state court proceedings will resolve all issues before the federal court." *R.R. St. & Co. Inc. v. Transp. Ins. Co*., 656 F.3d at 979.

Here, the issue of whether Travelers owes a duty to defend and indemnify Muhlhauser will not be litigated in the Underlying Action. The Underlying Action will not protect Travelers' rights and will not resolve *all* of Travelers' claims. Indeed, it will not consider *any* of them. The Underlying Action and this coverage action are therefore insufficient to be parallel actions justifying a stay.

As a result, a stay under the *Colorado River* framework is *not* appropriate and the Court should deny the Motion to Stay in its entirety.

## C.  **Even If *Landis* Was An Appropriate Standard, The Motion To Stay Would Still Fail**

Moreover, even if *Landis* had been the correct standard, Muhlhauser's motion to stay should still be denied. In order to justify a stay, Muhlhauser "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which it prays will work damage to someone else. Only in rare circumstances will a litigant in one case be compelled to stand aside while a litigant in another case settles the rule of law that will define the rights of both." *Landis v. N. Am. Co.,* 299 U.S. 248, 255 (1936). "[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of Landis." *Lockyer v. Mirant Co.*, 398 F.3d 1098, 1112 (9th Cir. 2005). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). Muhlhauser cannot come close to meeting this high standard.

In determining the propriety of the requested stay, a court must weigh the following competing interests: (1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer, supra,* 398 F.3d at 1110; *see also CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

---

11

**TRAVELERS' OPPOSITION TO MUHLHAUSER'S MOTION TO STAY**

Indeed, "while it is the prerogative of the district court to manage its workload, case management standing alone is not necessarily a sufficient ground to stay proceedings." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

Furthermore, a stay that results in undue delay or is indefinite in nature should not be granted. *See Dependable Highway, supra,* 498 F.3d at 1066; *see also Levya v. Certified Grocers of California, Ltd.,* 593 F.2d 857, 863 (9th Cir. 1979) (concluding that "[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time."). If a stay is lengthy or indefinite in term, a greater showing is required to justify it. *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000).

First, as to any possibility of damage resulting from the stay, Travelers would be precluded from obtaining a ruling applying the terms of its policy despite a dispute between it and Muhlhauser. Carriers are encouraged to bring exactly these types of actions to determine coverage issues prior to the underlying litigation being completed in order to avoid acting in bad faith. See, e.g., *Armstrong World Indus., Inc. v. Aetna Cas. & Sur. Co.,* 45 Cal.App.4th 1, 89 (1996) ("This is a declaratory relief action, held before the determination of Armstrong's liability for property damage…In such circumstances, the trial court may properly determine questions of insurance coverage on the basis of the underlying pleadings and such other evidence as is available"). Preventing Travelers from obtaining this Court's guidance and instead forcing it to defend and potentially indemnify a suit Travelers believes is uncovered would certainly be prejudicial. Moreover, forcing the Underlying Action to go forward while critical questions regarding whether any coverage is available under the policy remain would significantly hinder settlement. On the other hand, this Court's guidance would leave the parties without doubts as to coverage, and would therefore assist the parties in settlement negotiations in the Underlying Action. In addition, undue delay to Travelers in obtaining its requested guidance from this Court is prejudicial and this stay would have no end in sight, as there is not yet even a trial date set in the Underlying Action. [Falcone Dec., ¶ 2.] See *Dependable Highway*, *supra*, 498 F.3d

**TRAVELERS' OPPOSITION TO MUHLHAUSER'S MOTION TO STAY**

at 1066 ("stays should not be indefinite in nature"). Thus, Travelers would in fact be damaged by a stay. Moreover, to the extent Muhlhauser argues that this is not enough prejudice to Travelers to alone preclude a stay, this factor at most would be neutral, and in no way favors a stay of the action.

Nor does the second *Landis* factor favor a stay, as Muhlhauser will not suffer hardship if the action is not stayed. As to that factor, Muhlhauser makes a host of arguments.[1] None are availing.

First, Muhlhauser argues that allowing this coverage action to proceed would force it "to litigate the same factual issues pending resolution in the Underlying Action… such as (a) whether there was an occurrence or accident; (b) whether Muhlhauser performed unacceptable and/or defective work; (c) whether Muhlhauser failed to perform work as required by the project plans and specifications; and (d) whether and to what extent there was property damage and/or other types of damages -- as well as other facts alleged in the Underlying Action." [Dkt. no. 29-1 at 15:17-22.] But of these four categories, none of them will actually be litigated in this action. Instead, Travelers' action addresses the application of the policy terms to the *allegations* of the underlying action without regard for the final determination of those allegations. Travelers' complaint is clear that it alleges there is no coverage under the policy because "the allegations of Angeles against Muhlhauser are limited exclusively to claims that Muhlhauser's work was not performed to specification and experienced delays." This Court's determination of this clear coverage issue will not impact liability in the Underlying Action. Instead, this Court will simply be called upon to review the allegations of the Underlying Action and apply the provisions of the insurance policies to those allegations. This Court will not be asked to determine the viability or truth of any allegation in the underlying matter – only the scope of the allegations themselves.

---

[1] Muhlhauser argues that it will be harmed under both the first and second prongs, although harm to the party seeking the stay is only considered under the second prong. As such, the extent of Muhlhauser's allegations of harm it will face are addressed herein under this second prong, where they may be considered.

**TRAVELERS' OPPOSITION TO MUHLHAUSER'S MOTION TO STAY**

Similarly, the determination of liability in the Underlying Action will not impact coverage. The underlying parties will not be litigating the terms of the policies. Thus, the issues to be determined in the two actions simply do not overlap. Since they do not overlap, Muhlhauser will not be forced to prove facts in the coverage action that are detrimental to its defense of the Underlying Action and there is no prejudice to Muhlhauser.

Muhlhauser next argues that it will be prejudiced by having to "fight a two-front war," however, numerous courts have made it clear that "being required to defend a suit does not, alone, suffice as a basis to grant a stay." *Ohio Sec. Ins. Co. v. G & G Risk Mgmt. Consultants, Inc.,* 2021 WL 1253796, at *5 (N.D. Cal. Apr. 5, 2021), citing *Lockyer*, 398 F.3d at 1112, *Great Am. Assurance Co.*, 2011 WL 13228037, at *3. It makes sense that this alone should be insufficient, as otherwise every single coverage action would be subject to a stay every single time the underlying action remained ongoing. This obviously is not the state of the law. See, e.g., *Armstrong*, *supra*, at 108 ("In a declaratory relief action held before the insured's liability has been established, the trial court…must limit its declaration to whether the claim is covered by the policy").

Muhlhauser further argues it would suffer hardship "by having its bargained for defense pulled out from beneath it" but also that "Travelers owe (sic) Muhlhauser a defense in the Underlying Action." Not only are these two points fundamentally opposed to one another, but neither point evidences any actual prejudice resulting to Muhlhauser if the action is not stayed.

First, Muhlhauser's complaint that its defense would be "pulled out from beneath it" will only come to fruition upon this Court holding that Muhlhauser is not entitled to a defense under the terms of the policy." In other words, Muhlhauser is complaining that it will be prejudiced by Travelers being successful in this action and Travelers should instead be forced to provide Muhlhauser with benefits to which it has no entitlement. This is certainly not the law. "An insurance company has the right to limit the coverage of a policy issued by it and when it has done so, the plain language of the [policy] must be respected." *Continental Cas. Co. v. Phoenix Const. Co.*, 46 Cal.2d 423, 432 (1956). And "although the

---

**TRAVELERS' OPPOSITION TO MUHLHAUSER'S MOTION TO STAY**

duty to defend is broad, it "is not unlimited; it is measured by the nature and kinds of risks covered by the policy." *Waller*, 11 Cal.4th at 19. **As a result, an insurer is not obligated to expend defense costs in order to provide benefits not owed under its policy.** *Hurvitz*, *supra*, 109 Cal.App.4th at 934 ('To hold that the implied covenant requires an insurer to reject a settlement … based merely on the cost of defense of the protracted litigation, not any legitimate evaluation of exposure," would create a conflict with the insurers' duty to resolve claims fairly and efficiently); *Maryland Cas. Co. v. Nationwide Mut. Ins. Co.,* 81 Cal.App.4th 1082, 1090-1091 (2000); *State Farm Gen'l Ins. Co. v. Mintarsih,* 175 Cal.App.4th 274, 284 (2009) ("an insured could have no objectively reasonable expectation to retain the windfall of payment for the defense of claims for which there was no potential coverage."); *Montrose Chem. Corp. v. Superior Court*, 6 Cal. 4th 287, 297 (1993) ("[T]he insurer is not required to defend an action against the insured when the complaint in that action shows on its face that the injury complained of is not only not covered by, but is excluded from the policy"). Thus, Muhlhauser cannot possibly be prejudiced by not receiving the windfall of a continued defense in an action where Travelers has no such duty.

The flip side of Muhlhauser's argument in this regard also provides no basis for a stay of this action, either. In this part of its argument, Muhlhauser essentially argues through mischaracterization of California law and conclusions without supporting facts that Travelers is not entitled to the relief it seeks because it owes a duty to defend against the Underlying Action. As this is neither a motion for summary judgment nor a motion to dismiss, this argument is wholly inappropriate. It has nothing whatsoever to do with potential prejudice to Muhlhauser. Indeed, if anything, it shows that Muhlhauser is perfectly capable of contesting Travelers' position without prejudicing its positions in the Underlying Action. This argument therefore has nothing whatsoever to do with this element and should be disregarded in its entirety – and should this Court be inclined to consider it, Travelers requests that the Court deny the stay so that the issue may be fully briefed through summary judgment motions.

**TRAVELERS' OPPOSITION TO MUHLHAUSER'S MOTION TO STAY**

Nor can the orderly administration of justice warrant a stay. As detailed above, there are no overlapping issues and therefore no issues which will be resolved while the stay is pending. The litigation would be the same after a stay as it would be right now. In attempting to support an argument to the contrary. Muhlhauser again complains that it will have to argue that ACI did in fact sustain "property damage" and that it will "be forced to establish that it engaged in accidental conduct that caused ACI to sustain property damage." [Dkt. no. 29-1 at 21:14-19.] But as detailed above, this is simply not so. As set forth throughout this opposition, application of the policy terms to the *allegations* of the underlying plaintiff requires no determination of the *merits* of the underlying plaintiff's damages claims.

For these reasons, even if Muhlhauser's *Landis* claim were the proper standard for determining the propriety of a stay – which it is not based on *Steerman* – the action still would not merit a stay and Muhlhauser's motion should be denied in its entirety.

## IV. THE COURT SHOULD ALSO REJECT A STAY UNDER *MONTROSE* BECAUSE MUHLHAUSER DID NOT AND CANNOT IDENTIFY ANY PREREQUISITE OVERLAPPING DISPUTED FACTUAL ISSUES

Muhlhauser's secondary argument is that this action should be stayed under *Montrose* because this action and the Underlying Action involve overlapping factual issues which must be decided in both actions. Aside from the reality that federal law applies to determine a stay rather than state law, Muhlhauser does not identify any actual, specific factual issue in the Underlying Action that is also disputed in this action because, as detailed above, only the allegations matter in the coverage action – not the truth of the allegations.  This necessarily means that Muhlhauser has not identified any factual issues that are at issue in both actions.  As a result, and as detailed below, Muhlhauser is not entitled to a stay under California law, either.

**TRAVELERS' OPPOSITION TO MUHLHAUSER'S MOTION TO STAY**

**A.** **Under California Law, Coverage Actions May Proceed Concurrently With Underlying Litigation Unless Both Actions Involve Identical Disputed Factual Issues**

Under California law, insurance coverage actions may proceed simultaneously with an action against an insured. *Ringler Associates, Inc. v. Maryland Cas. Co*., 80 Cal. App. 4th 1165, 1992 (2000). Stays are appropriate when the coverage action cannot be litigated without resolving the identical issue that is contested in the underlying action:

> A stay is not required . . . if the court in the coverage action may resolve the coverage question as a matter of law without making any factual determinations that would prejudice the insured in the third party action. [Citation] An insurer is entitled to judgment in its favor if the insurer can establish a lack of coverage based on either facts that the insured does not dispute or "facts unrelated to the issues in the liability action." [Citation] . . .
>
> It thus appears that a coverage action may proceed if the coverage issue is one of law or turns upon factual questions that are logically unrelated to the matters at issue in the underlying action.

*GGIS Ins. Services, Inc. v. Superior Court*, 168 Cal. App. 4th 1493, 1505 (2008). In other words, mere overlap of facts is not enough to require a stay. Instead, a stay is appropriate where *disputed facts* overlap *and require determination* in each case.

As such, it was Muhlhauser's burden to show that this action and the Underlying Action involve identical disputed factual issues. It did not meet this burden.

**B.** **Muhlhauser Has Not Made any Showing this Action and the Underlying Action Involve Identical Disputed Issues**

The question of whether there is coverage under Travelers' policies depends on whether the damages sought by ACI in the Underlying Action are covered by Travelers' policies:

> The determination whether the insurer owes a duty to defend usually is made in the first instance by comparing the allegations of the complaint with the terms of the policy. Facts extrinsic to the complaint also give rise to a duty to defend when they reveal a possibility that the claim may be covered by the policy.

---

**TRAVELERS' OPPOSITION TO MUHLHAUSER'S MOTION TO STAY**

*Montrose Chem. Corp. v. Superior Ct.*, 6 Cal.4th 287, 295, 861 P.2d 1153, 1157 (1993). As the California Supreme Court explained, determining if there are overlapping disputed factual issues requires an examination of both: (1) the "the coverage question"; and (2) the damages and theory of liability in the underlying action. *Ibid.* It is Muhlhauser's burden to show that this is an atypical case where the coverage question cannot be resolved by comparing the allegations in the Underlying Action against the terms of Travelers' policies. *Montrose Chem. Corp.*, *supra*, 6 Cal. 4th at 295 ("determination whether the insurer owes a duty to defend usually is made in the first instance by comparing the allegations of the complaint with the terms of the policy"); *see also Certain Underwriters at Lloyd's of London*, *supra*, 24 Cal.4th at 958 ("where there is no duty to defend, there cannot be a duty to indemnify.").

Muhlhauser attempts to meet this burden through broad conclusions that Muhlhauser will have to establish "the extent and scope" of ACI's damages in order to establish coverage under the policy without any explanation of why the typical standard of comparing the allegations to the policy will not suffice to determine the coverage claim. The reason for this omission is clear: there is no basis for Muhlhauser's claim that an analysis of the allegations is not enough. Because it ***is*** enough. As is clearly articulated in Travelers' complaint, Travelers alleges that there is no coverage for Muhlhauser under the policy because the entirety of the damages alleged by ACI do not constitute covered property damage under the policy. This Court will determine the validity of Travelers' claim by comparing the allegations of the complaint to the terms of the policy, just as *Montrose* prescribes. Muhlhauser will be forced to establish nothing beyond ACI's allegations, as the truth of the allegations is wholly irrelevant to Travelers' defense duty under the policy.

Indeed, just a brief review of Travelers' complaint makes it abundantly clear that the coverage issue addressed in the complaint is not an issue being litigated in the Underlying Action. Therein, Travelers admits the allegations being made by ACI and then alleges that:

a. TRAVELERS has no obligation to defend MUHLHAUSER in the

18

**TRAVELERS' OPPOSITION TO MUHLHAUSER'S MOTION TO STAY**

Underlying Action with regard to alleged damages other than covered "property damage" caused by an "occurrence."

b. No covered "property damage" caused by an "occurrence" has been alleged in the Underlying Action.

Travelers' Complaint, ¶ 27, 32. Based upon these allegations, Travelers has sought declarations that ACI's allegations in the Underlying Action – as alleged, not as proven – do not constitute damages covered under the terms of Travelers' policies. The truth of ACI's allegations, the evidence supporting them, and Muhlhauser's defenses – i.e., the actual issues being litigated in the Underlying Action – are NOT being litigated in the coverage action because they are wholly irrelevant to Travelers' position as identified in its complaint. Thus, there are no overlapping issues to be determined that would require any stay of this action.

Simply put, Muhlhauser's motion to stay is based on nothing more than conjecture and should be denied. Further, the actual allegations of the complaint confirm there is no overlap which must be prevented.

**C. Muhlhauser Has Failed To Show That A Stay Should Be Entered Because Muhlhauser Would Not Be Prejudiced By Proceeding With The Prompt Adjudication Of The Claims In This Action And Travelers Would Be Prejudiced By Unending Delay**

The standard for obtaining a discretionary stay under California law is properly strict and rests on the prejudice inherent in delay. A party cannot seek to place a case in limbo until it is safe for him or her to pursue it, requiring the adverse parties to accommodate his or her convenience while memories fade, witnesses disappear and the pending litigation frustrates the opposition party's futures. *Hartbrodt v. Burck,* 42 Cal.App.4th 168, 174 (1996). A stay of coverage litigation is only proper where the resolution of the coverage issues will *truly prejudice* the insured in the underlying action. *Great Am. Ins. Co. v. Superior Ct.,* 178 Cal. App. 4th 221, 235-36 (2009). In determining whether to stay a coverage action, the trial court should also consider the possibility of prejudice to the

**TRAVELERS' OPPOSITION TO MUHLHAUSER'S MOTION TO STAY**

insurer in being deprived of a determination on the issue of coverage. *Id.* at 236. The trial court should attempt to balance these conflicting concerns when ruling on a request for a stay. *Id.*

As already shown above, Muhlhauser faces no prejudice because the coverage issues in this case do not turn on whether or not Muhlhauser is liable in the Underlying Action, any of Muhlhauser's defenses, or any actual facts at issue in the Underlying Action. The coverage issues in this case do not turn on whether Muhlhauser is actually at fault for any damages or whether Muhlhauser actually breached a contractual obligation. Instead, the coverage issue is limited to whether *ACI's allegations* are covered under the policies. Accordingly, there is no prejudice in proceeding with the claims at issue in this case and there are no grounds for a discretionary stay.

Muhlhauser again complains that it is forced to fight a two-front war against Travelers and the underlying plaintiffs. However, an insurance coverage action may proceed simultaneously with an underlying action and a prompt adjudication over such claims is appropriate under California law. *Ringler, supra,* 80 Cal. App. 4th at 1192. Thus, there is no prejudice resulting from the simple fact that both actions proceed. Moreover, Muhlhauser's repeated complaint without so much as a shred of evidence that Travelers and ACI have teamed up against it is laughable – and also belied by the clear unity of the positions of ACI and Muhlhauser evidenced by their joinder together in every motion filed to date.

Instead, it is Travelers who faces prejudice. Muhlhauser is attempting to force Travelers to pay for a defense for which it has paid no premiums by attempting to stay this declaratory relief action. Moreover, Travelers' declaratory relief action is exactly what California courts expect of an insurer where there are questions as to the obligations under a liability policy. Travelers has agreed to defend Muhlhauser, pursuant to an express reservation of rights, and has exercised its right to seek declaratory judgment from the Court in order to resolve the coverage issues. Travelers should not be punished for acting with the utmost integrity.

**TRAVELERS' OPPOSITION TO MUHLHAUSER'S MOTION TO STAY**

Finally, as previously set forth, lengthy or indefinite stays are disfavored. *See Dependable Highway, supra,* 498 F.3d at 1066; *see also Levya v. Certified Grocers of California, Ltd.,* 593 F.2d 857, 863 (9th Cir. 1979) (concluding that "[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time."). Moreover, if a stay is lengthy or indefinite in term, a greater showing is required to justify it. *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). There is no telling how long the Underlying Action will continue to proceed, and it is doubtful that the trial will go forward anytime soon. Therefore, a stay could leave Travelers without the relief it properly requested for years to come.

The simple fact of the matter is that Travelers is entitled to a swift determination as to whether it owes a defense duty to Muhlhauser, most likely by way of a motion for summary judgment. A stay of the coverage action would delay this relief for years. Such severe prejudice to Travelers cannot be justified, and therefore the request for a stay should be denied.

Accordingly, Muhlhauser would not be prejudiced by proceeding with the prompt adjudication of the claims in this action. Travelers, on the other hand, would be severely prejudiced if it were barred from obtaining a determination of its defense duty. For these reasons, no stay is appropriate under California law, either.

## V. ACI'S JOINDER PROVIDES NO ADDITIONAL BASIS FOR STAYING THIS ACTION

ACI joins in Muhlhauser's motion and therein claims that "it would be unduly prejudiced" and "it would be especially unfair to ACI to require it to spend its time and resources in defending this action" when it is a "nominal defendant." As the plaintiff in the Underlying Action, ACI will no doubt be looking to Travelers to pay any settlement or judgment on behalf of Muhlhauser. ACI is thus far from a mere nominal defendant. Moreover, ACI relies upon the declaration of its counsel in this action to support its prejudice claim. But counsel's conclusion that ACI faces prejudice is as conclusory as it is

**TRAVELERS' OPPOSITION TO MUHLHAUSER'S MOTION TO STAY**

lacking in personal knowledge. Thus, ACI's joinder provides no further basis for this motion to stay, which should be denied for the reasons set forth above.

## VI.    **CONCLUSION**

For all of the reasons stated herein, Travelers respectfully requests that this Court deny the motion to stay.

DATED:  February 6, 2025                                THE AGUILERA LAW GROUP, APLC


*/s/ Lindsee B. Falcone*
A. Eric Aguilera
Lindsee Falcone
V. René Daley
Counsel of record for plaintiff
The Travelers Indemnity Company of
Connecticut

**TRAVELERS' OPPOSITION TO MUHLHAUSER'S MOTION TO STAY**

### CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, pursuant to California Central District Local Rule No 11-6.1 I certify that this OPPOSITION TO MOTION TO STAY contains 6,143 words, not including the Tables of Contents and Authorities, the caption page, Verification, signature blocks, or this Certification page.

February 6, 2025                                          *s/: Lindsee B. Falcone*
                                                         Lindsee B. Falcone

**TRAVELERS' OPPOSITION TO MUHLHAUSER'S MOTION TO STAY**