1  John J. McLeod, Esq., Cal. Bar No. 174169
   jmcleod@mcleodlawgroup.com
2  Paul C. Hirst, Esq., Cal. Bar No. 234460
   phirst@mcleodlawgroup.com
3  McLEOD LAW GROUP, A.P.C.
   1155 Camino Del Mar, Suite 510
4  Del Mar, California 92014
   Telephone:  (619) 236-9938
5  Facsimile:  (619) 236-9943

6  Attorneys for Defendant,
   MUHLHAUSER STEEL, INC.

7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10 THE TRAVELERS INDEMNITY           Case No. 8:24-cv-01913-CV-ADS
   COMPANY OF CONNECTICUT,  a
11 Connecticut Corporation,

12                                   REPLY TO PLAINTIFF'S
              Plaintiff,             OPPOSITION TO MOTION TO
13                                   STAY
   v.
14
   MULHAUSER STEEL, INC., a
15 California Corporation; ANGELES    Hearing Date:  February 27, 2025
   CONTRACTOR, INC., a California     Hearing Time: 10:00 a.m.
16 Corporation, and DOES 1 through 10, Courtroom 6D
   inclusive,
17
              Defendants.
18

19

20

21

22

23

24

25

26

27

28

REPLY ISO MOTION TO STAY

# **TABLE OF CONTENTS**

I.     INTRODUCTION……………………………………………………………..1

II.    THE *COLORADO RIVER* JURISDICTIONAL DOCTRINE

       DOES NOT APPLY…………………………………………………………...2

III.   A STAY IS WARRANTED UNDER *LANDIS* AND *MONTROSE*……………6

       A.    Staying the Coverage Action Will Not Damage Travelers……………… 6

       B.    Muhlhauser Will Suffer Substantial Hardship if the

             Coverage Action Is Not Stayed …………………........................................ 9

             1.    The Coverage Action and the Underlying Action Involve

                   Common Issues of Fact………………………………………….. 10

             2.    Simultaneously Defending the Coverage Action

                   and the Underlying Action Poses a Substantial

                   Hardship and Prejudice to Muhlhauser …………………………..12

       C.    Staying the Coverage Action Will Promote the Orderly

             Administration of Justice…………………………………………….. 15

       D.    California Law Supports Muhlhauser's Motion to Stay…………………16

IV.    CONCLUSION …………………………………………………………...18

1

# **TABLE OF AUTHORITIES**

2

## **Federal Cases**

3  *American Alternative Ins. Corp. v. Warner*,

4      2020 WL 7388072 (N.D. Cal. Dec. 16, 2020)…………………………………… 5, 6

5  *American Intern. Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*,

6      843 F.2d 1253 (9th Cir. 1988)……………………………………………………… 3

7  *Aspen Am. Ins. Co. v. Ou*, 2019 WL 1950293 (C.D. Cal. Mar. 14, 2019)………. 5, 6, 7

8  *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942)……………………... 3, 4

9  *CMAX, Inc. v. Hall*, 300 F.2d 265 (9th Cir. 1962) …………………………1, 4, 5, 7, 8

10 *Citizens Ins. Co. of America v. Chief Digital Advisors*,

11     2020 WL 8483913 (S.D. Cal. Dec. 22, 2020)…………………………………… 5

12 *Colorado River Water Conservation Dist. v. United States*,

13     424 U.S. 800 (1976)…………………………………………………….. 1, 2, 3, 4, 5, 6

14 *Dependable Highway Express, Inc. v. Navigators Ins. Co.*,

15     498 F.3d 1059 (9th Cir. 2007)……………………………………………………….. 5

16 *Ernest Bock, LLC v. Steelman*, 76 F.4th 827 (9th Cir. 2023)…………………….. 3, 4

17 *Great American Assurance Co. v. M.S. Industrial Sheet Metal. Inc.*,

18     2011 WL 13228037 (C.D. Cal. Sept. 22, 2011)…………………………………... 5

19 *Landis v. North American Co.*, 299 U.S. 248 (1936) ………………………… *passim*

20 *Leyva v. Certified Grocers of Cal. Ltd.*, 593 F. 2d 857 (9th Cir. 1979)…………… 5

21 *Lockyer v. Mirant Corp.*, 398 F.3d 1098 (9th Cir. 2005)…………………..1, 5, 7, 18

22 *MS Amlin Corporate Member, Ltd. v. Bottini*,

23     2020 WL 5966612 (S.D Cal. Oct. 8, 2020)………………………… 2, 5, 8, 12, 18

24 *Maryland Cas. Co. v. Witherspoon*, 993 F. Supp. 2d 1178 (C.D. Cal. 2014)…..… 15

25 *National Union Fire Ins. Co. of Pittsburg, PA v. Rudolph and Slatten, Inc.*,

26     2020 WL 4039370 (N.D. Cal. July 17, 2020)……………………………...7, 8, 18

27 *RLI Ins. Co. v. Cornerstone Land and Investment Group, Inc.*,

28     2024 WL 4654263 (E.D. Cal. Nov. 1, 2024)…………………………………..... 5

*RLI Ins. Co. v. Ace Amer. Ins.*,

    2020 WL 1322955 (N.D. Cal. Mar. 20, 2020…………………………………… 5, 7, 18

*R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966 (9th Cir. 2011)…….…………..3

*Scotts Co. LLC v. Seeds, Inc.*, 688 F.3d 1154 (9th Cir. 2012)……………….……… 3, 4

*State Nat'l Ins. Co., Inc. v. US-SINO Inv., Inc.*,

    2015 WL 5590842 (N.D. Cal. Sept. 23, 2015)…………………………….……… 7, 8

*Travelers Cas. & Sur. Co. v. Jokake Constr. Servs., Inc.*,

    2024 WL 944230 (C.D. Cal. 2024)…………………………………..……… 4, 5

*United Specialty Ins. Co. v. Bani Auto Group, Inc.*,

    2018 WL 5291992 (N.D. Cal. Oct. 23, 2018)…………………………… 5, 6, 8, 18

*United States v. State Water Resources Control Board*,

    988 F.3d 1194 (9th Cir. 2021)…………………………………………..……… 3

*Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995)…………………………………….. 3

*Zurich Am. Ins. Co. v. Omnicell, Inc.*,

    2019 WL 570760 (N.D. Cal. Feb. 12, 2019)…………………………………5, 6, 7


## State Cases

*B & E Convalescent Ctr. v. State Comp. Ins. Fund*, 8 Cal.App.4th 78 (1992)..…… 11

*Barnett v. Fireman's Fund. Ins. Co.*, 90 Cal.App.4th 500 (2001)………………… 11

*Blue Ridge Ins. Co. v. Jacobsen*, 25 Cal. 4th 489 (2001)…………………………... 9

*Buss v. Superior Court*, 16 Cal.4th 35 (1997)…………………………………….. 7

*CNA Cas. of Calif. v. Seaboard Sur. Co.*, 176 Cal.App.3d 598 (1986)…………… 11

*Comunale v Traders & Gen. Ins. Co.*, 50 Cal.2d 654 (1958)……………………… 8

*Crisci v. Security Ins. Co. of New Haven, Conn.*, 66 Cal.2d 425 (1967)………….. 8

*El-Com Hardware, Inc. v. Fireman's Fund Insurance Company*,

    92 Cal. App. 4th 205 (2001)……………………………………..……… 14

*Gray v. Zurich Ins. Co.*, 65 Cal.2d 263 (1966)…………………………….. 11, 13, 14

/ / /

REPLY ISO MOTION TO STAY

*Griffin Dewatering Corp. v. Northern Ins. Co. of N.Y.*,

    176 Cal.App.4th 172 (2009)……………………………………………………..11

*Hartford Cas. Ins. Co. v. Swift Distribution, Inc.*, 59 Cal.4th 277 (2014)…….. 11, 14

*Haskel, Inc. v. Superior Court,* 33 Cal.App.4th 963 (1995)……………....…10, 13

*Howard v. American Nat'l Fire Ins. Co.*, 187 Cal.App.4th 498 (2010)….………… 8

*Johansen v. California State Auto. Ass'n Inter-Ins. Bureau*, 15 Cal.3d 9 (1975)….. 8

*Montrose Chemical Corp. v. Superior Court,* 6 Cal.4th 287 (1993)…………. *passim*

*Montrose Chemical Corp. v Superior Court*, 25 Cal.App.4th 902 (1994)…………10

*PPG Industries, Inc. v. TransAmerica Ins. Co.*, 20 Cal.4th 310 (1999)……...…….. 8

*Rappaport Scott v. Interinsurance Exch. of Auto. Club*,

    146 Cal.App.4th 831 (2007)…………………………………………………. 8

*Scottsdale Ins. Co. v. MV Transp.*, 36 Cal.4th 643 (2005)……………………... 11

*Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1 (1995)……………………..…10

1    Muhlhauser respectfully submits the following reply to Travelers' opposition to
2    its motion to stay.  The capitalized terms herein are as defined in the motion (Document
3    29-1).

4  **I.    INTRODUCTION**

5    Travelers' opposition includes several fundamentally flawed arguments. One is
6    Travelers' claim that the *Colorado River* jurisdictional doctrine should apply to this
7    motion.  *Colorado River* is inapplicable because it is a jurisdictional doctrine centered
8    on abstention from the exercise of federal jurisdiction and whether a district court
9    should decline to exercise or postpone the exercise of its jurisdiction, not whether to
10   stay an action and proceed after the underlying action is resolved.  Muhlhauser does not
11   raise issues of jurisdiction in bringing this motion.  Rather, Muhlhauser seeks a stay of
12   these proceedings to protect itself from the substantial prejudice it will suffer if the
13   Coverage Action proceeds concurrently with the Underlying Action.  The Court should
14   therefore apply the standard set forth in *Landis* – not the *Colorado River* jurisdictional
15   doctrine.

16   Another flawed argument is Travelers' claim that it would be damaged if the
17   case is stayed, because it would have to continue defending the Underlying Action.
18   The Ninth Circuit has rejected this argument, noting that a non-moving party being
19   required to defend a suit does not constitute damage or prejudice within the meaning of
20   *Landis* (*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005)) and that a delay
21   in recovery of damages is not the kind of prejudice that should cause a court to deny a
22   requested stay.  *CMAX, Inc. v. Hall*, 300 F.2d 265, 269 (9th Cir. 1962).

23   Another is Travelers' claim that simultaneously defending this Coverage Action
24   and the Underlying Action somehow does not cause hardship and prejudice to
25   Muhlhauser.  This argument does not pass muster, given the clearly overlapping factual
26   issues and the obvious burden on Muhlhauser's time and financial resources having to
27   litigate two lawsuits at once.

28   / / /

**REPLY ISO MOTION TO STAY**

1    Yet another is Travelers' suggestion that by proceeding with this Coverage

2   Action, the hardship to Muhlhauser will be minimal because Travelers might prevail on

3   a dispositive motion on their duty to defend.  Courts have rejected similar arguments

4   that a case should not be stayed because the non-moving party thinks they will

5   ultimately prevail.  *See, e.g., MS Amlin Corporate Member, Ltd. v. Bottini,* 2020 WL

6   5966612, at \*5 (S.D Cal. Oct. 8, 2020).  Travelers has not (and cannot) cite any

7   authority for the proposition that obvious hardship and prejudice to the insured should

8   be ignored and a coverage lawsuit allowed to proceed just because the insurer thinks it

9   might prevail on a dispositive motion.  Furthermore, this argument ignores the uphill

10   battle Travelers undoubtedly faces in trying to escape its defense obligation under

11   California law, where the duty to defend is so broad that any potential for coverage

12   under any conceivable theory triggers Travelers' defense obligation.

13    It also ignores the glaring fact that even if Travelers were to prevail on such a

14   dispositive motion, it would not resolve this entire Coverage Action.  Travelers' claims

15   in this Coverage Action are not limited to the duty to defend.  Travelers' complaint also

16   seeks a determination as to whether it has a duty to indemnify Muhlhauser from and

17   against damages claimed against it in the Underlying Action <u>and</u> reimbursement of any

18   uncovered defense fees and costs incurred in connection with Underlying Action.  So,

19   contrary to Travelers' suggestion, this Coverage Action will not be resolved entirely by

20   having the Court decide the duty to defend issue.  As follows, Travelers' opposition

21   fails and Muhlhauser's motion should be granted.

22   **II.    THE *COLORADO RIVER* JURISDICTIONAL DOCTRINE DOES NOT**

23   **APPLY**

24    Travelers argues that the Court should apply the *Colorado River* jurisdictional

25   doctrine in deciding whether to stay this Coverage Action.  Travelers argument is

26   misplaced and should be rejected.  *Colorado River* is inapplicable because it is a

27   jurisdictional doctrine centered on abstention from the exercise of federal jurisdiction

28   and whether a district court should decline to exercise or postpone the exercise of its

jurisdiction, not whether to stay the action and proceed after the underlying action is resolved. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). Indeed, the *Colorado River* doctrine is commonly referred to as the "*Colorado River* abstention doctrine*" owing to it sharing the qualities of traditional abstention doctrines. *See, e.g., American Intern. Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1256 (9th Cir. 1988); *Scotts Co. LLC v. Seeds, Inc.*, 688 F.3d 1154, 1160 (9th Cir. 2012); *United States v. State Water Resources Control Board*, 988 F.3d 1194, 1202 (9th Cir. 2021); *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 835-836 (9th Cir. 2023). Here, Muhlhauser is not arguing that this Court does not have jurisdiction over this matter, or that the Court should abstain or decline to exercise or postpone the exercise of its jurisdiction but rather asks this Court to stay this action to prevent undue prejudice. As follows, the *Colorado River* jurisdictional doctrine is inapplicable for several reasons.

First, as Travelers concedes in its opposition, the *Colorado River* jurisdictional doctrine is implicated in cases of <u>parallel</u> proceedings in federal and state courts. *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 983 (9th Cir. 2011). The United States Supreme Court has explained that parallel proceedings exist when another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942). A clear example of parallel proceedings can be found in *Wilton v. Seven Falls Co.*, where there were disputes over the existence of the same duty to defend or indemnify taking place in state and federal courts. 515 U.S. 277, 279-80 (1995). Here, while the Coverage Action does involve factual issues that overlap with the underlying state court action (i.e., whether there was an occurrence or accident and, if so, what are the type and scope of the damages), the Underlying Action does not center on or even address the issue of whether Travelers owes a duty to defend or indemnify, and Travelers is not a party to the Underlying Action. Thus, the Coverage Action and Underlying Action are not parallel and do not implicate the *Colorado River*

REPLY ISO MOTION TO STAY

1    jurisdictional doctrine.

2    Second, as the Ninth Circuit explained in *Scotts, supra*, 688 F.3d at 1158-59 (a
3    case that Travelers cites in its opposition), the *Colorado River* jurisdictional doctrine
4    involves the discretionary exercise of jurisdiction by a district court and the decision
5    whether to dismiss or postpone a federal action because of a parallel state court
6    litigation.  The issue before the Court on this motion is not abstention from the exercise
7    of federal jurisdiction and whether the Court should decline to exercise or postpone the
8    exercise of its jurisdiction.  *Colorado River*, 424 U.S. at 813.  The issue on this motion
9    is whether a stay of proceedings is appropriate.

10   To that end, and in contrast to the *Colorado River* jurisdictional doctrine, *Landis*
11   focuses directly on the issue of whether a federal court has the power to stay
12   proceedings before it while others move forward.  299 U.S. 248.  The *Landis* Court
13   concluded that federal courts have such power, as a matter of discretion, because it "is
14   incidental to the power inherent in every court to control the disposition of the causes
15   on its docket."  *Id.* at 254.  As set forth below and in Muhlhauser's moving papers,
16   *Landis* and its progeny described the factors for district courts to consider in deciding
17   whether to stay proceedings, all of which weigh in favor of staying this Coverage
18   Action.  *Id.* at 254-55; *CMAX, supra*, 300 F.2d at 268.

19   Contrary to Travelers' assertion in its opposition, the Ninth Circuit has <u>not</u> held
20   that district courts should not use *Landis* to determine whether to stay a federal action
21   and must instead use *Colorado River*.  The two cases cited by Travelers in support of
22   this proposition are inapposite, as both cases simply held that *Colorado River* controls
23   when there are <u>parallel</u> state proceedings.  *See Ernest Bock, supra*, 76 F.4th at 842-43
24   [a Nevada case applying New Jersey law]; *Travelers Cas. & Sur. Co. v. Jokake Constr.*
25   *Servs., Inc.*, 2024 WL 944230, at *5 (C.D. Cal. 2024).  As discussed above, parallel
26   proceedings exist when another suit is pending in a state court presenting the same
27   issues, not governed by federal law, between the same parties.  *Brillhart*, 316 U.S. at
28   495.  Here, the Underlying Action does not center on or even address the issue of

whether Travelers owes a duty to defend or indemnify, and, unlike in *Jokake Constr. Servs., Inc.*, 2024 WL 944230, at *2, Travelers is not a party to the Underlying Action. Thus, the Coverage Action and Underlying Action are not parallel and do not implicate the *Colorado River* jurisdictional doctrine.

Moreover, if Travelers is right in its broad assertion the *Colorado River* jurisdictional doctrine applies in all cases where there are concurrent, related state and federal actions, then why have such an overwhelming number of cases throughout the Ninth Circuit (including the Central District of California) and as recently as November 2024 applied *Landis* and its progeny in determining the appropriateness of a stay? *See, e.g., CMAX, supra,* 300 F.2d at 268; *Leyva v. Certified Grocers of Cal. Ltd.*, 593 F. 2d 857, 863 (9th Cir. 1979); *Lockyer, supra,* 398 F.3d at 1109; *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007); *Aspen Am. Ins. Co. v. Ou*, 2019 WL 1950293, at *6 (C.D. Cal. Mar. 14, 2019); *Great American Assurance Co. v. M.S. Industrial Sheet Metal, Inc.*, 2011 WL 13228037, at *3 (C.D. Cal. Sept. 22, 2011); *RLI Ins. Co. v. Cornerstone Land and Investment Group, Inc.*, 2024 WL 4654263, at *3 (E.D. Cal. Nov. 1, 2024); *MS Amlin, supra,* 2020 WL 596612, at *3; *Citizens Ins. Co. of America v. Chief Digital Advisors*, 2020 WL 8483913, at *1-2 (S.D. Cal. Dec. 22, 2020); *RLI Ins. Co. v. Ace Amer. Ins.*, 2020 WL 1322955, at *4 (N.D. Cal. Mar. 20, 2020); *American Alternative Ins. Corp. v. Warner*, 2020 WL 7388072, at *3 (N.D. Cal. Dec. 16, 2020); *Zurich Am. Ins. Co. v. Omnicell, Inc.,* 2019 WL 570760, at *2-3 (N.D. Cal. 2019); *United Specialty Insurance Company v. Bani Auto Group, Inc.*, 2018 WL 5291992, at *4 (N.D. Cal., Oct. 23, 2018)[denying motion to stay or dismiss under "jurisdictional doctrine set forth in *Colorado River*" and granting motion to stay under *Landis*]. And why are none these cases mentioned, much less overruled or distinguished by the cases cited by Travelers?   The answer is self-evident: Travelers is wrong.  The Ninth Circuit has not swept aside *Landis* in favor of *Colorado River*.  Instead, *Colorado River* is a jurisdictional doctrine applicable in cases of parallel proceedings in federal and state court; it centers on the doctrine of abstention

and whether a district court should decline to exercise or postpone the exercise of its jurisdiction, not whether to stay the action and proceed after the underlying action is resolved.   Here, Muhlhauser does not raise issues of jurisdiction in bringing this motion.  Rather, Muhlhauser seeks a stay of these proceedings to protect itself from the substantial prejudice that will be imposed upon it if the Coverage Action proceeds concurrently with the Underlying Action.   The Court should therefore apply the standard set forth in *Landis* – not the *Colorado River* jurisdictional doctrine.

## III.    A STAY IS WARRANTED UNDER *LANDIS* AND *MONTROSE*

Travelers' opposition argues that the Court should deny the motion to stay under both *Landis* and *Montrose*.  These arguments fail, as a stay is warranted under both standards.  As set forth in Muhlhauser's moving papers, given the substantial overlap between both standards, the conclusion on this motion should be the same whether applying *Landis* or *Montrose* and this Coverage Action should be stayed until after the Underlying Action is resolved.  District courts applying *Landis* have acknowledged that state law is informative and have incorporated the *Montrose* factors when weighing the *Landis* factors.   *Aspen, supra*, 2019 WL 1950293, at *6; *Zurich, supra,* 2019 WL 570760, at *4; *United Specialty, supra*, 2018 WL 5291992, at *4 [California law can help inform the court's application of the *Landis* factors]; *American Alternative, supra,* 2020 WL 7388072, at *3 [acknowledging *Montrose* factors incorporated by *Landis* factors].  Accordingly, in applying the *Landis* factors in deciding the instant motion, the *Montrose* factors are incorporated in determining whether to stay this case.  For all the reasons set forth in Muhlhauser's moving papers and below, a stay of this Coverage Action is warranted under both standards.

### A.    Staying the Coverage Action Will Not Damage Travelers

In its opposition, Travelers argues that under the first *Landis* factor, staying this action will damage Travelers for two reasons, both of which lack merit.  Travelers first argues that a stay will result in undue delay and force Travelers to defend and potentially indemnify a suit that Travelers believes is uncovered.  (Opposition, p. 12, ll.

5-21.). Travelers' delay argument misses the mark, as the Ninth Circuit has held that a delay in recovery of damages is not the kind of prejudice that should cause a court to deny a requested stay. *CMAX, Inc., supra*, 300 F.2d at 269.  Also, as set forth in Muhlhauser's motion, this argument is made moot by California law, as the California Supreme Court has held that an insurer that defends its insured immediately and entirely may seek reimbursement of its defenses fees and costs from its insured. *Buss v. Superior Court*, 16 Cal.4th 35, 50-51 (1997).  In this Coverage Action, Travelers claim they are entitled to such reimbursement and, thus, there is no prejudice to Travelers by any delay if the case is stayed.

Indeed, Travelers' argument that ongoing defense costs represent prejudice to it has been rejected by many courts (s*ee, e.g., Zurich, supra*, 2019 WL 570760, at \*5-6; *Aspen, supra*, 2019 WL 1950293, at \*6; *RLI Ins. Co., supra,* 2020 WL 1322955, at \*4; *National Union, supra*, 2020 WL 4039370, at \*8.  The Ninth Circuit has rejected this argument, too, noting that being required to defend a suit does not constitute damage or prejudice within the meaning of *Landis*. *Lockyer, supra,* 298 F.3d at 1112.

On the other hand, Travelers is already obligated to defend the Muhlhauser in the Underlying Action, and has reserved its right for reimbursement, which creates no prejudice for the insurer. *Zurich, supra*, 2019 WL 570760, at \*5. Travelers does not waive any of these rights by waiting for final adjudication in the Underlying Action. Thus, Travelers' position remains unchanged by granting the stay and compelling it to continue to defend Muhlhauser, as they are required to do under the Policies and California law.

Indeed, the court in *Zurich* was "unpersuaded" by the insurer's argument that it will suffer damage as a result of a stay because it would delay a determination that the insurer owes no coverage to the insured in that particular underlying action. 2019 WL 570760, at. \*5. In *Zurich*, the court held that other courts had also been unpersuaded by such arguments, "particularly because advancing defense costs is 'part of an insurer's obligation and costs of doings business.'" *Id.* [citing *State Nat'l Ins. Co., Inc. v. US-*

1   *SINO Inv., Inc.*, 2015 WL 5590842, at *5 (N.D. Cal. Sept. 23, 2015)]. Moreover, a

2   "delay in the recovery of damages 'is not the kind of prejudice which should move a

3   court to deny a requested postponement.'" *Id.* [citing *CMAX, supra,* 300 F. 2d at 269].

4       In rejecting prejudice arguments concerning ongoing defense costs like the one

5   Travelers makes in its opposition, courts explain that delaying a determination of

6   whether an insurer owes an insured party coverage does not substantially harm the

7   insurer, because advancing defense costs is part of the insurer's obligation and costs of

8   doing business. *See, e.g.*, *MS Amlin, supra,* 2020 WL 5966612, at *5; *United Specialty,*

9   *supra,* 2018 WL 5291992, at *5; *RLI*, 2020 WL 1322955, at *4; N*ational Union, supra,*

10  2020 WL 4039370, at *8. Courts also note that where, as here, the insurer's complaint

11  seeks reimbursement of all defense fees and costs expended, the amount of money

12  spent on the defense is protected by the reimbursement claim. *See, e.g.*, *MS Amlin,*

13  2020 WL 5966612, at *5; *United Specialty,* 2018 WL 5291992, at *5.

14      Travelers next argues that a stay would hinder settlement in the Underlying

15  Action by leaving doubts as to coverage. (Opposition, p. 12, ll. 21-28.) This argument

16  utterly ignores Travelers' duty to settle under California law. As a matter of law,

17  Travelers has a legal duty to accept and fund settlements that are reasonable. The

18  reason is that the implied covenant of good faith and fair dealing obligates insurers to

19  negotiate and fund reasonable settlements within policy limits. *Comunale v Traders &*

20  *Gen. Ins. Co.*, 50 Cal.2d 654, 659 (1958); *PPG Industries, Inc. v. TransAmerica Ins.*

21  *Co.*, 20 Cal.4th 310, 312 (1999). Courts impose such a duty in order to protect the

22  insured's reasonable expectation that an insurer will use the policy limits in order to

23  avoid liability being imposed on the insured. *Crisci v. Security Ins. Co. of New Haven,*

24  *Conn.*, 66 Cal.2d 425, 431 (1967). And, coverage disputes are <u>not</u> a proper

25  consideration for an insurer in deciding whether to settle a claim against the insured.

26  *Johansen v. California State Auto. Ass'n Inter-Ins. Bureau*, 15 Cal.3d 9, 16 (1975);

27  *Howard v. American Nat'l Fire Ins. Co.*, 187 Cal.App.4th 498, 525 (2010); *Rappaport*

28  *Scott v. Interinsurance Exch. of Auto. Club*, 146 Cal.App.4th 831, 836 (2007) [insurer

must evaluate reasonableness of offer to settle claim against insured without regard to any coverage defenses].

Thus, as a matter of law, Travelers has an immediate obligation to negotiate and fund a reasonable settlement and thereby take its insured, Muhlhauser, out of harm's way without consideration for any supposed coverage defenses Travelers may think it can assert. Indeed, any purported coverage limitations that Travelers might think apply in this Coverage Action certainly would not justify Travelers' refusal to accept and fund a settlement of the Underlying Action up to the limits of the Policies it issued to Muhlhauser.

Furthermore, Travelers is protected under California law from any prejudice in settling the Underlying Action because it can reserve its right to seek reimbursement from Muhlhauser for settlement amounts it contends were attributable to non-covered damages, pursuant to *Blue Ridge Ins. Co. v. Jacobsen*, 25 Cal. 4th 489 (2001). Thus, Travelers' argument that a stay might prejudice it or hinder settlement of the Underlying Action is contrary to its duty to settle under California law.

Moreover, a stay of the Coverage Action <u>will not</u> impose <u>any</u> damage or prejudice upon Travelers. For all the above reasons and those set forth in Muhlhauser's moving papers, there is no harm or prejudice to Travelers if the case is stayed and, thus, the first *Landis* factor weighs in favor of granting a stay.

**B.** **Muhlhauser Will Suffer Substantial Hardship if the Coverage Action Is Not Stayed**

Travelers' opposition makes the implausible claim that under the second *Landis* factor, Muhlhauser will not suffer hardship if the case is not stayed. (Opposition, p. 13, ll. 5-7.) Nothing could be further from the truth. Muhlhauser will sustain substantial hardship and prejudice if the Coverage Action is not stayed, as they will be forced to concurrently fend off the claims being asserted against them in the Underlying Action and the complaint of its own insurer, Travelers, in this Coverage Action. Muhlhauser's defense of each claim will necessarily suffer. To which battles to devote their resources

are decisions that Muhlhauser should not be forced to make.  These are the very kind of decisions that courts have repeatedly held insureds, like Muhlhauser, do not have to make, and courts have consistently made clear that insurers, like Travelers, may not put their insureds in such a precarious position.  *See e.g., Montrose*, *supra*, 6 Cal.4th at p. 301; *Montrose Chemical Corp. v Superior Court*, 25 Cal.App.4th 902, 909-910 (1994); *Haskel, Inc. v. Superior Court,* 33 Cal.App.4th 963, 979 (1995).  As follows, Travelers' arguments that Muhlhauser will not suffer hardship from proceeding with this Coverage Action should be rejected.

### 1.    The Coverage Action and the Underlying Action Involve Common Issues of Fact

In its opposition, Travelers contends that the issues in this Coverage Action do not depend on facts or issues in the Underlying Action.  (Opposition, p. 13, ll. 8-15.) Travelers is wrong.  Clearly, the factual issues of whether there was an occurrence or accident and, if so, what are the type and scope of the damages, are issues that will have to be proved in both the Coverage Action for Muhlhauser to trigger coverage (*Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 16 (1995) and in the Underlying Action for the underlying plaintiff (ACI) to obtain a judgment award against Muhlhauser.  Given these overlapping factual issues, Muhlhauser is entitled to a stay of this Coverage Action.  There is no way that the issues to be discovered and ultimately tried in the Coverage Action will not infringe upon the issues to be tried in the Underlying Action. The *Landis* stay (and *Montrose* stay) are designed to protect insureds, like Muhlhauser, from this very kind of prejudice and Muhlhauser is, thus, entitled to a stay of this Coverage Action as a matter of law.

Travelers' opposition tries to downplay the obvious hardship and prejudice facing its insured by focusing entirely on the duty to defend issue and arguing that this Court is being called upon to simply review the allegations of the Underlying Action and apply the Policies to those allegations, suggesting that a swift determination of the duty to defend can be obtained by way of a summary judgment motion.  (Opposition, p.

REPLY ISO MOTION TO STAY

13, ll. 17-24; p. 15, ll. 27-28; p. 21, ll. 10-11.). There are several problems with Travelers' argument. One is the fact that under California law, the duty to defend is not determined by just looking at the policy and the four corners of the underlying complaint; the duty to defend can be triggered by the complaint and extrinsic evidence thereto. In determining whether an insurer owes a duty to defend, courts look at the terms of the policy, the allegations of the third-party complaint against the insured, and all extrinsic facts known or available to the insurer from any source. *Montrose, supra*, 6 Cal.4th at 295-96; *Scottsdale Ins. Co. v. MV Transp.*, 36 Cal.4th 643, 654 (2005); *Griffin Dewatering Corp. v. Northern Ins. Co. of N.Y.*, 176 Cal.App.4th 172, 197-98 (2009). Because modern pleading rules liberally allow amendment and because a third-party claimant cannot be the arbiter of coverage, any extrinsic facts known from any source can also trigger a duty to defend, even if the complaint does not facially indicate a potential for coverage. *Gray v. Zurich Ins. Co.*, 65 Cal.2d 263, 275-76 (1966); *Montrose*, 6 Cal.4th at 296. The duty to defend is, thus, determined from all the information available to the insurer. *B & E Convalescent Ctr. v. State Comp. Ins. Fund*, 8 Cal.App.4th 78, 92 (1992); *CNA Cas. of Calif. v. Seaboard Sur. Co.*, 176 Cal.App.3d 598, 610 (1986).

A duty to defend is triggered where, <u>under the facts alleged, reasonably inferable, or otherwise known</u>, the complaint could fairly be amended to state a covered liability. *Hartford Cas. Ins. Co. v. Swift Distribution, Inc.*, 59 Cal.4th 277, 287 (2014); *Barnett v. Fireman's Fund. Ins. Co.*, 90 Cal.App.4th 500, 508-09 (2001). This is particularly true here, since, as acknowledged in Travelers' opposition, a trial date has not been set in the Underlying Action and, thus, ACI still has time to amend its complaint against Muhlhauser.

Another problem with Travelers' argument is the fact that its claims in this Coverage Action are not limited to the duty to defend. Travelers' complaint also seeks a determination as to whether it has a duty to indemnify Muhlhauser from and against damages claimed against it in the Underlying Action <u>and</u> reimbursement of any

**REPLY ISO MOTION TO STAY**

1    uncovered defense fees and costs incurred in connection with Underlying Action.  So,
2    contrary to Travelers' suggestion, this Coverage Action will not be resolved entirely by
3    having the Court decide the duty to defend issue, much less by simply reviewing the
4    allegations of the Underlying Action and applying the Policies to those allegations.
5    Even if Travelers were to prevail within the next few months on a dispositive motion
6    regarding its duty to defend, it would not resolve this entire Coverage Action.  At the
7    very least, Travelers' duty to indemnify and reimbursement claims would remain
8    unresolved.

9        Another problem with Travelers' argument is the fact that courts have rejected
10    similar arguments made by the non-moving party claiming they will ultimately prevail
11    and, thus, the case should not be stayed.  *See, e.g., MS Amlin,* 2020 WL 5966612, at *5.
12    Travelers has not (and cannot) cite any authority for the proposition that a motion to
13    stay should be denied to allow time for the insurer to take a shot at a dispositive motion.
14    Even if just for a few more months, Muhlhauser will face substantial prejudice by
15    concurrently defending two lawsuits and should not be forced to concurrently litigate
16    this Coverage Action and the Underlying Action as a matter of law.

17        2.    **Simultaneously Defending the Coverage Action and the**
18            **Underlying Action Poses a Substantial Hardship and Prejudice**
19            **to Muhlhauser**

20        Travelers' opposition wrongly contends that simultaneously defending the
21    Underlying Action and this Coverage Action does not pose a hardship to Muhlhauser
22    warranting a stay.  (Opposition, p. 14, ll. 6-8.)  For all the reasons set forth above and in
23    its moving papers, Muhlhauser faces substantial hardship and prejudice if this Coverage
24    Action is allowed to proceed.  Muhlhauser is entitled to a stay so that it can devote all
25    of its time and resources to defending the Underlying Action, and so that Travelers
26    cannot force Muhlhauser to divide its limited time and resources fighting a two-front
27    war, as they are being concurrently sued in this Coverage Action and the Underlying
28    Action.  Being forced to concurrently litigate multiple cases effectively undercuts one

of the primary reasons for purchasing liability insurance. *Haskel, supra,* 33 Cal.App.4th at 979, fn. 14 ["[a]n insured obtains liability insurance in substantial part in order to be protected against the trauma and financial hardship of litigation."].   For obvious reasons, if forced to concurrently litigate this Coverage Action and the Underlying Action, Muhlhauser will be compelled to incur substantial attorney fees fighting with its insurer (Travelers) and the underlying plaintiff (ACI).   Muhlhauser should not be forced to expend valuable resources to concurrently fight two lawsuits, as the defense of each claim will necessarily suffer.   To which battles to devote its resources are decisions that courts have repeatedly held insureds, like Muhlhauser, do not have to make. *Montrose*, *supra*, 6 Cal.4th at p. 301; *Haskel, supra,* 33 Cal.App.4th at 979.   Travelers' claim that forcing Muhlhauser to fight a two-front war is not a sufficient basis to grant a stay should be rejected.

Travelers also wrongly contends that Muhlhauser "cannot possibly be prejudiced" by denying the requested stay, suggesting that its insured will otherwise receive "the windfall of a continued defense in an action where Travelers has not such duty" (Opposition p. 15, ll. 14-16) and that the Court should deny the stay so that the duty to defend issue can be briefed through dispositive motions. (Opposition p. 15, ll. 14-16.). This contention should be rejected, as it assumes the Court will rule in Travelers' favor on a dispositive motion on the duty to defend and utterly ignores the uphill battle facing Travelers in trying to escape their defense obligation.   Under California law, liability insurers like Travelers owe a broad duty to defend their insureds against third-party claims that create any potential for indemnity. *Montrose, supra,* 6 Cal.4th at 295.   Insurers must defend <u>any</u> suit that <u>potentially</u> seeks damages within the coverage of the policy. *Gray, supra,* 65 Cal.2d at 275.   The duty to defend arises whenever a lawsuit against the insured seeks damages on any theory that, if proved, would be covered by the policy.   *Montrose,* 6 Cal.4th at 295.   The insurer is relieved of its duty to defend <u>only if</u> the third-party complaint can <u>by no conceivable theory raise a single issue that could bring it within the policy coverage</u>. *Id.* [emphasis

1  added]; *Gray*, 65 Cal.2d at 276.

2       And, as noted above, a duty to defend is triggered where, <u>under the facts alleged,</u>

3  <u>reasonably inferable, or otherwise known</u>, the complaint could fairly be amended to

4  state a covered liability. *Hartford, supra,* 59 Cal.4th at 287. So, even if the facts

5  alleged in Underlying Action do not currently suggest a potential for liability under the

6  Travelers' Policies (for the reasons set forth above and in Muhlhauser's motion, they

7  do), extrinsic facts known to the insurer generate a duty to defend, because current

8  pleading rules liberally allow amendment, and the third party cannot be the arbiter of

9  coverage. *El-Com Hardware, Inc. v. Fireman's Fund Insurance Company*, 92 Cal.

10 App. 4th 205, 213 (2001). For these reasons, even if Travelers could somehow

11 establish that the facts alleged in ACI's FAC do not create a potential for coverage

12 under any conceivable theory, Travelers would still not escape its obligation to defend

13 Muhlhauser unless it could conclusively establish no potential for coverage under the

14 facts alleged, reasonably inferable, or otherwise known.

15      Here, Travelers has not and cannot reasonably argue that ACI's express

16 allegations of damages caused by Muhlhauser's supposedly defective work cannot, at

17 the very least, be reasonably inferred to be alleging damages because of property

18 damage caused by an occurrence. Given its broad duty to defend under California law,

19 Travelers undoubtedly face a steep challenge to prevail on a dispositive motion

20 regarding their duty to defend. And it ignores the obvious prejudice to the insured,

21 Muhlhauser, for Travelers to suggest that this Coverage Action should proceed because

22 Travelers might hypothetically prevail on such a motion.

23      For all the above reasons and those set forth in Muhlhauser's moving papers,

24 staying the Coverage Action <u>will not</u> impose any prejudice upon Travelers, but

25 substantial prejudice <u>will be</u> imposed upon Muhlhauser if the case is not stayed. The

26 second *Landis* factor thus weighs in favor of granting a stay.

27 / / /

28 / / /

1  **E.  <u>Staying the Coverage Action Will Promote the Orderly</u>**
2  **<u>Administration of Justice</u>**

3  Contrary to Travelers' opposition, the third *Landis* factor regarding the orderly
4  administration of justice also weighs in favor of staying this Coverage Action.
5  Travelers speciously suggests that no issues will be resolved while the stay is pending
6  and this Coverage Action would be the same after a stay as it would be right now.
7  (Opposition, p. 16, ll. 1-4.)  Travelers' suggestion is simply not true.  And, in making
8  this suggestion, Travelers again focuses entirely on the duty to defend (i.e., comparing
9  the allegations of the underlying complaint to the Policies) and ignores the fact that this
10  Coverage Action also includes Travelers' claims regarding its duty to indemnity and
11  reimbursement.  For the reasons set forth above and in Muhlhauser's moving papers,
12  because Muhlhauser disputes its liability in the Underlying Action, it remains distinctly
13  possible that it will obtain a defense judgment.  It would be a complete waste of
14  Muhlhauser's (and this Court's) resources to continue this Coverage Action, fighting
15  over coverage for a judgment award that may never materialize.  And, there would
16  certainly be no prejudice to Travelers in litigating coverage for any judgment against
17  Muhlhauser after one is actually entered, if ever.

18  In addition, it will serve to simplify the issues in the Coverage Action by
19  allowing the Underlying Action to decide, for example, whether there was an
20  occurrence and whether the underlying plaintiff sustained property damage.  The
21  factual issues of whether there was an occurrence or accident and, if so, what are the
22  type and scope of the damages, are issues that will have to be proved in both the
23  Coverage Action (for Muhlhauser to trigger coverage) and in the Underlying Action
24  (for the underlying plaintiff, ACI, to obtain a judgment award against Muhlhauser).
25  There is no way that the issues to be discovered and ultimately tried in the Coverage
26  Action will not infringe upon the issues to be tried in the Underlying Action.

27  / / /

28  / / /

1    As a result of this matter litigating many of the same issues already being
2    litigated in the Underlying Action, this Court will be providing analysis of issues that
3    are already unfolding in the Underlying Action. This is not an efficient use of the
4    Court's time. *See Maryland Cas. Co. v. Witherspoon*, 993 F. Supp. 2d 1178, 1183
5    (C.D. Cal. 2014) ["A district court should avoid a needless determination of state
6    law."].  Here, a stay would allow Underlying Action to proceed and conclude, thereby
7    resolving the issues disputed in this action. The Court would only be required to apply
8    the rulings in the Underlying Action to this matter.

9    In sum, contrary to Travelers' opposition, staying this Coverage Action would
10   promote the orderly administration of justice.  Allowing this case to proceed would not.
11   Muhlhauser's motion should therefore be granted.

12                    **D.    California Law Supports Muhlhauser's Motion to Stay**

13   For all the reasons set forth above and in Muhlhauser's moving papers, a stay of
14   this Coverage Action is warranted under California law, too, should the Court look to
15   California law in deciding this motion.  California courts have long recognized that an
16   insurance coverage action brought by an insurer against its insured regarding duties
17   owed by the insurer with respect to an underlying third-party claim should be stayed
18   until resolution of that third-party claim. *Montrose*, *supra*, 6 Cal.4th at p. 301.  In fact,
19   adjudication of coverage issues in advance of resolution of the third party liability
20   action is available <u>only</u> when litigating the coverage action will do no injury to the
21   insured's defense in the underlying action. *Id.* at pp. 301-02.  In short, a stay of this
22   Coverage Action is warranted under both the *Landis* and *Montrose* standards.

23   Travelers' opposition argues that a stay is not warranted under the *Montrose*
24   standard. (Opposition p. 16-21.)  In doing so, Travelers recycles the same arguments  it
25   made in contesting the stay under *Landis* – to wit, Travelers erroneous contentions there
26   are no overlapping factual issues, no prejudice to Muhlhauser in fighting a two-front
27   war, and prejudice to Travelers in delaying a determination of its duty to defend.  For
28   all the reasons discussed above and in Muhlhauser's moving papers, each of Travelers'

arguments fail.   In this Coverage Action, Travelers is attempting to disavow any obligation to defend or indemnify Muhlhauser in the Underlying Action.   In order to defeat Travelers' coverage claims, Muhlhauser will have to prove that the claims against it in the Underlying Action are covered under Travelers' policies.   To do so, Muhlhauser will have to argue that there <u>was</u> an "occurrence" (or accident as defined by Travelers' policies), that the underlying plaintiff <u>did</u> sustain "property damage" (as defined by the policies), and that the type of "property damage" sustained by the underlying plaintiff, ACI, <u>is not</u> excluded by Travelers' policies.   How does Muhlhauser seek to establish that it engaged in accidental conduct that caused ACI to sustain property damage in this Coverage Action and at the same time claim the exact opposite in the Underlying Action?   Concurrent litigation of the Coverage Action and the Underlying Action of these overlapping factual issues puts Muhlhauser in a grotesquely awkward position.

A stay of the Coverage Action <u>will not</u> impose any prejudice upon Travelers. The only prejudice that Travelers argues – money spent in the continuing defense of Muhlhauser in the Underlying Action – is made moot by California law, since the California Supreme Court has held that an insurer that defends its insured immediately and entirely may seek reimbursement of its defenses fees and costs from its insured. *Buss, supra,* 16 Cal.4th at 50-51.   In this Coverage Action, Travelers expressly claim they are entitled to such reimbursement and, thus, there is no prejudice to Travelers if the case is stayed.

While Travelers is insulated from any harm if the Coverage Action is stayed, Muhlhauser will sustain substantial prejudice if the Coverage Action is not stayed, as they will be forced to concurrently fend off the claims being asserted against it in the Underlying Action and the claims of its own insurers, Travelers, in this Coverage Action.   It would be patently unfair to force Muhlhauser to concurrently fight ACI in the Underlying Action and Travelers in this Coverage Action.   Muhlhauser's defense of each claim would necessarily suffer.   To which battles to devote its resources are

REPLY ISO MOTION TO STAY

1  decisions that Muhlhauser should not be forced to make.  These are the very kind of
2  decisions that courts have repeatedly held insureds, like Muhlhauser, do not have to
3  make.  Courts have consistently made clear that insurers, like Travelers, may not put
4  their insureds in such a precarious position.

5  Lastly, Travelers echoes its prior argument that staying this Coverage Action will
6  delay "for years" relief on the issue of whether Travelers owes a duty to defend
7  Muhlhauser.  (Opposition, p. 21, ll. 10-12.)  As discussed above, the Ninth Circuit has
8  rejected this argument, as being required to defend a suit does not constitute damage or
9  prejudice when considering whether a stay is warranted.  *Lockyer, supra,*  298 F.3d at
10  1112.  Indeed, delaying a determination of whether an insurer owes an insured party
11  coverage does not substantially harm the insurer, because advancing defense costs is
12  part of the insurer's obligation and costs of doing business.  *See, e.g.*, *MS Amlin, supra,*
13  2020 WL 5966612, at *5; *United Specialty, supra,* 2018 WL 5291992, at *5; *RLI,*
14  *supra,* 2020 WL 1322955, at *4; N*ational Union, supra,* 2020 WL 4039370, at *8.

15  Moreover, a stay of the Coverage Action will not impose any significant
16  prejudice upon Travelers.  If this matter is not stayed, however, substantial prejudice
17  will be imposed upon Muhlhauser.  Accordingly, a stay of the Coverage Action is
18  warranted under both *Landis* and *Montrose.*

19  **IV.    <u>CONCLUSION</u>**

20  For all the foregoing reasons, Muhlhauser respectfully requests that the Court
21  grant an order staying this Coverage Action until after the Underlying Action has been
22  resolved.

23  DATED: February 13, 2025            McLEOD LAW GROUP, A.P.C.

24                                    By:   /s/Paul C. Hirst_____
25                                    JOHN J. McLEOD
                                      PAUL C. HIRST

26                                    Attorneys for Defendant, MUHLHAUSER
27                                    STEEL, INC.
                                      Email: jmcleod@mcleodlawgroup.com
                                             pchirst@mcleodlawgroup.com
28

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for defendant Muhlhauser Steel, Inc. ("Muhlhauser"), certifies that this reply brief includes 6,320 words excluding the caption, table of contents, table of authorities, signature block, and this certification, which complies with L.R. 11-6.1.

DATED: February 13, 2025          McLEOD LAW GROUP, A.P.C.

By:   /s/Paul C. Hirst____ _____
JOHN J. McLEOD
PAUL C. HIRST

Attorneys for Defendant, MUHLHAUSER STEEL, INC.
Email: jmcleod@mcleodlawgroup.com
           pchirst@mcleodlawgroup.com