# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT,<br><br>  Plaintiff,<br><br>  v.<br><br>MUHLHAUSER STEEL, INC., *et al.*,<br><br>  Defendants. | Case No. 2:24-cv-01913-CV (ADSx)<br><br>**ORDER DENYING MUHLHAUSER STEEL. INC.'S MOTION TO STAY [DOC. # 29]** |

On January 22, 2025, Defendant Mulhauser Steel, Inc. ("Mulhauser") filed a motion to stay this case pending the resolution of related state-court proceedings (Doc. # 29) ("Motion"), a supporting memorandum of points and authorities (Doc. # 29-1), a Request for Judicial Notice (Doc. # 29-2), and a supporting declaration of Paul C. Hirst (Doc. # 29-3). On the same day, Defendant Angeles Contractor, Inc. ("ACI") filed a joinder requesting that the Motion be granted (Doc. # 31)[1] with a supporting declaration of Jon S. Brick (Doc. # 31-1). Plaintiff The Travelers Indemnity Company of Connecticut ("Travelers") filed an opposition to the Motion on February 6, 2025 (Doc. # 35), a supporting declaration of Lindsee B. Falcone (Doc. # 35-1), and evidentiary objections to the declaration of Jon S. Brick (Doc. # 35-2).[2] Mulhauser filed a reply brief on February 13. 2025. Doc. # 36.

The Court finds that oral argument is not necessary to resolve the Motion. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15; *Willis v. Pac. Mar. Ass'n*, 244 F.3d 675, 684 n. 2 (9th Cir. 2001). Having considered the briefing and all related Court filings, the Motion is **DENIED** as detailed below.

## INTRODUCTION

Travelers is a Connecticut company with its principal place of business in Connecticut, and Mulhauser and ACI (collectively, "Defendants") are California corporations with principal places of business in California. Compl. ¶¶ 1–3; Doc. # 28 [Muhlhauser Answer to Travelers' Complaint] ¶¶ 1–3; Doc. # 30 [ACI's Answer to Travelers' Complaint] ¶¶ 1–3, 5. Travelers alleges that "the matter in controversy exceeds, exclusive of costs and interests, two-hundred and fifty thousand dollars

---

[1] ACI's January 22, 2025 filing was entered on the docket as a "Notice of Motion and Motion for Joinder in [the Motion]" but is more appropriately understood as a response to the Motion. *See* Doc. # 31 ("Joinder"). The Court has considered ACI's Joinder, and for the same reasons discussed in this Order, ACI's request that the entire case should be stayed is **DENIED**.

[2] To the extent the Court relies on the Declaration of Jon S. Brick, the Court **OVERRULES** Travelers' evidentiary objections.

($250,000)." Compl. ¶ 5. Accordingly, this Court has original jurisdiction under 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000.

## BACKGROUND

This is an insurance coverage action related to a pending case in Orange County Superior Court, *Angeles Contractor, Inc. v. Mulhauser Steel, Inc. et al.*, Case No. 30-2021-01211990-CU-BC-CJC (the "Underlying Action."). ACI initiated the Underlying Action on July 23, 2021 and filed the operative first amended complaint on November 12, 2021. Doc. # 29-2 ("Mulhauser RJN") Ex. A at pp. 2, 10.[3] Doc. In the Underlying Action, ACI asserts claims against Mulhauser for breach of written contract, enforcement of performance bond, and negligence, alleging, *inter alia*, that Mulhauser provided defective work and/or failed to perform work as a steel subcontractor on two ACI public works construction projects. *Id*. at pp. 4–10 [¶¶ 9, 11–14, 15–41].

On September 3, 2024, Travelers filed the operative complaint in this case naming Muhlhauser and ACI as defendants and asserting three causes of action: (1) Declaratory Relief—Duty to Defend; (2) Declaratory Relief—Duty to Indemnify; and (3) Reimbursement. Doc. # 1 ("Compl.") ¶¶ 22–38. Travelers alleges that, subject to a reservation of rights, it agreed to defend Mulhauser in the Underlying Action pursuant to two insurance policies (the "Policies"). *Id*. ¶ 20. Through this action, it seeks a judicial declaration that it has no obligation under the Policies to indemnify Mulhauser for

---

[3] Mulhauser asks the Court to take judicial notice of (1) excerpts of ACI's operative, First Amended Complaint in the Underlying Action and (2) Travelers' Complaint filed in this action. Mulhauser RJN at 2. Neither Travelers nor ACI object to either request. "The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) & (c). In the Ninth Circuit, "court filings and other matters of public record" are sources whose accuracy cannot reasonably be questioned for the purposes of Rule 201. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). "The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). The pleadings subject to Mulhauser's request for judicial notice are readily verifiable and, therefore, the proper subject of judicial notice. Accordingly, Mulhauser's request for judicial notice of these court filings is **GRANTED**.

damages in the Underlying Action, and that even if it owed an indemnity obligation to Mulhauser in the Underlying Action, this obligation would be limited to a single occurrence limit under the Policies. Compl. Prayer. Mulhauser also seeks reimbursement for the cost of defending Mulhauser in the Underlying Action. *Id.*

Mulhauser now moves to stay this case until the Underlying Action is resolved, arguing that the dispute with Travelers turns on disputed facts being litigated in the Underlying Action, and that Mulhauser will be prejudiced by being forced to wage a "two-front war" here and in the Underlying Action. Doc. # 29-1 at 6.

The parties disagree about which legal standard applies to Mulhauser's Motion. Mulhauser seeks a stay pursuant to *Landis v. N. Am. Co.*, 299 U.S. 248 (1936) (hereinafter "*Landis*"), which contemplates the court exercising its inherent authority to stay an action while an independent but related proceeding is resolved. Doc. # 29-1 at 12–22. Travelers argues that that the more exacting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (hereinafter "*Colorado River*") provides the applicable standard, and that the Court cannot issue a stay pursuant to *Landis* if the *Colorado River* test is not met. Doc. 35 at 8–9. In its Reply, Mulhauser argues "[t]he Ninth Circuit has not swept aside *Landis* in favor of *Colorado River*," and that *Landis*, not *Colorado River*, provides the applicable standard for a stay here. Doc. # 35 at 9–11.

For the reasons described below, the Court agrees with Travelers that *Colorado River* provides the correct standard for the Motion, and since there is no dispute that Plaintiff cannot meet the *Colorado River* parallelism requirement, the Court **DENIES** the Motion.

## DISCUSSION

### A. *Colorado River* is the Appropriate Standard Here, Not *Landis*

"Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" *Colorado River*, 424 U.S. at 817 (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)). The Ninth Circuit has held that "'[a] district court

may, in its discretion, stay or dismiss a federal case in favor of related state proceedings' **in only two circumstances**: '(1) when an action seeks only declaratory relief, or (2) when exceptional circumstances exist [under *Colorado River*].'" *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 554 (2024) (hereinafter, "*Ernest Bock*") (quoting *Scotts Co. LLC v. Seeds, Inc.*, 688 F.3d 1154, 1158 (9th Cir. 2012)) (emphasis added). Since Travelers seeks both declaratory and monetary relief in this action (see Compl., Prayer), *Colorado River* is the applicable doctrine here.

Under *Colorado River*, a stay of federal litigation in favor of state court proceedings "is the exception, not the rule." *Colorado River*, 424 U.S. at 813. "Only the clearest of justifications will warrant" a stay, *id.* at 819, and the circumstances justifying a stay are "exceedingly rare," *Smith v. Central Ariz. Water Conservation Dist.*, 418 F.3d 1028, 1033 (9th Cir. 2005). In *Colorado River*, the Supreme Court recognized that in "exceptional circumstances," *id.* at 813, "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation'" can support a stay of federal litigation in favor of parallel state proceedings, *id.* at 817 (citation omitted). The Ninth Circuit has identified eight factors that determine whether a *Colorado River* stay is justified:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978–79 (9th Cir. 2011) (citation omitted). "The weight to be given to any one factor may vary greatly from case to case." *United States v. State Water Res. Control Bd.*, 988 F.3d 1194, 1203 (9th Cir. 2021) (quoting *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)). "Some factors may not apply in some cases," but in other cases, "a single factor may decide whether a stay is permissible." *Id.* (citation omitted). "The underlying

1 principle guiding this review is a strong presumption against federal abstention." *Seneca Ins. Co. v. Strange Land, Inc.*, 862 F.3d 835, 842 (9th Cir. 2017). "Any doubt as to whether a factor exists should be resolved against a stay, not in favor of one." *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1369 (9th Cir. 1990).

A district court possesses docket management powers, including the authority in certain circumstances to stay proceedings to efficiently manage the resources of the parties and the court. *Landis*, 299 U.S. at 255; *Ernest Bock*, 76 F.4th at 842. The test for a docket management stay pursuant to *Landis* is less stringent than the *Colorado River* doctrine. The Ninth Circuit has "identified three non-exclusive factors courts must weigh when deciding whether to issue a docket management stay: (1) 'the possible damage which may result from the granting of a stay'; (2) 'the hardship or inequity which a party may suffer in being required to go forward'; and (3) 'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law.'" *Id.* at 842 (quoting *Lockyer*, 398 F.3d at 1110).

District courts in the Ninth Circuit have reached different conclusions on whether a court could issue a docket management stay pursuant to *Landis* in favor of a related state court case if the *Colorado River* test is not satisfied.[4] The Ninth Circuit's *Ernest Bock* opinion—which is binding on this Court—resolves this issue. There, the plaintiff had obtained a $11.8 million judgment for breach of contract against the defendants in New Jersey state court. 76 F.4th at 832. The plaintiff then filed a federal suit in the District of Nevada, alleging that defendants and others had engaged in various transfers to shield assets from the New Jersey judgment. *Id*. While the federal suit was pending, the New

---

[4] *See, e.g.*, *Avalonbay Communities, Inc. v. Contractors Bonding & Ins. Co.*, No. 2:21-CV-04389-SB (KSx), 2022 WL 2903142, at *2 (C.D. Cal. May 6, 2022) ("Multiple courts have held that *Landis* does not allow a federal court to stay a case pending resolution of a related state action if the standard for *Colorado River* abstention is not met."); *Amguard Ins. Co. v. Optima Funeral Home, Inc.*, No. CV 22-4179-MWF (JCx), 2022 WL 18142556, at *3–4 (C.D. Cal. Nov. 29, 2022) (describing split of authority as to whether *Colorado River* is the exclusive standard governing a stay pending state court proceedings or whether a *Landis* stay remains available).

-6-

1 Jersey state court judgment was vacated on appeal and remanded for further proceedings. *Id*. The district court stayed the federal case pursuant to *Colorado River*, reasoning that it would be inefficient for both suits to proceed simultaneously. *Id*. The Ninth Circuit reversed, holding that a *Colorado River* stay cannot issue when the federal litigation would only be resolved by one of several possible outcomes in the state court proceedings. *Id*. at 841–42.

The Ninth Circuit also explicitly rejected the application of *Landis* as an alternative to the *Colorado River* doctrine: in a "case involv[ing] simultaneous and related federal and state actions, the proper analysis is under *Colorado River*, not *Landis*," and "[a] docket management stay may not issue in favor of parallel state proceedings if the *Colorado River* factors do not support a stay." *Ernest Bock*, 76 F.4th at 843 (internal quotation marks and citations removed); *see also*, *Travelers Cas. Ins. Co. of Am. v. LMID, Inc.*, No. 2:24-CV-01022-SB (JCx), 2024 WL 3529042, at *2 (C.D. Cal. July 1, 2024) (declining to apply *Landis* and denying motion to stay where defendant could not satisfy the *Colorado River* test); *Travelers Cas. & Sur. Co. v. Jokake Constr. Servs., Inc.*, No. 223CV06301-HDV (AGRx), 2024 WL 944230, at *6 (C.D. Cal. Feb. 29, 2024) (same).

Accordingly, the Court finds that applying *Landis* is not appropriate here, and that the Motion should instead be assessed under the *Colorado River* doctrine.

**B. Mulhauser is not Entitled to a Stay Pursuant to *Colorado River* Because the Underlying Action is Not Sufficiently Parallel to this Case**

"Parallelism is a threshold requirement for a *Colorado River* stay." *Ernest Bock*, 76 F.4th at 838. A stay is not appropriate if there is any possibility of continued substantive federal litigation after the state court action is resolved. *Id*. at 841. If there is "substantial doubt" whether the "state court proceedings will resolve all of the disputed issues in [the federal case], "it would be a serious abuse of discretion" to grant a stay. *Ernest Bock*, 76 F.4th at 841. "[M]oving parties in this circuit cannot invoke *Colorado River* simply by showing that the state court action will simplify, or even

potentially resolve, the issues before the federal court. A state action is 'parallel' to a federal action only if it will *necessarily* resolve all substantive questions and leave the federal court with "nothing further to do." *Travelers Cas. & Sur. Co*, 2024 WL 944230, at *4. Where the parallelism factor is not met, it is unnecessary to weigh the other factors included in the *Colorado River* analysis. *United States v. State Water Res. Control Bd.*, 988 F.3d 1194, 1208 (9th Cir. 2021).

Here, it is undisputed that the Underlying Action and this case are not parallel under the *Colorado River* doctrine. As Travelers notes in its opposition brief, "the issue of whether Travelers owes a duty to defend and indemnify Muhlhauser will not be litigated in the Underlying Action. The Underlying Action will not protect Travelers rights and will not resolve all of Travelers' claims." Doc. # 35 at 11. Muhlhauser concedes this point in its reply brief: "the Underlying Action does not center on or even address the issue of whether Travelers owes a duty to defend or indemnify, and . . . Travelers is not a party to the Underlying Action. Thus, the Coverage Action and Underlying Action are not parallel[.]" Doc. # 36 at 10. Accordingly, the Court finds that the federal and state proceedings are not sufficiently parallel to justify a stay pursuant to *Colorado River*.

## CONCLUSION

Based on the foregoing, Mulhauser's Motion is **DENIED**.

**IT IS SO ORDERED**

DATED:  7/25/25

*Cynthia Valenzuela*
HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE